■ LINCOLN FIRST BANK OF ROCHESTER, Respondent, v ALEXANDER GRABOWSKI, Appellant.—Order unanimously affirmed, without costs. Memorandum: Plaintiff is the assignee of a conditional sales contract between defendant and Culver Dodge, Inc., for the purchase of an automobile.

Defendant defaulted on the contract and plaintiff obtained an order for seizure of the automobile pursuant to CPLR 7102. Defendant claims that the contract is unconscionable (Uniform Commercial Code, § 2-302, subd [1]) and that plaintiff is estopped from enforcing it because the contract does not conform to various provisions of subdivisions 5 and 6 of section 302 of the Personal Property Law and section 162 of the Insurance Law. Defendant contends that he is totally disabled within the terms of the contract and that payment must be made under the provisions of a credit life insurance policy which he purchased to cover the loan. The insurer has disclaimed, claiming the illness pre-existed the contract and coverage was therefore excluded. The contract specifies the amount included in the contract for credit life insurance. It also contains a notice of proposed insurance which states that coverage is subject to the terms, conditions, limitations and exclusions "contained in the certificate of insurance", a certificate which was mailed to defendant and admittedly received by him. The contract complies with section 302 (subd 5, par [2]; subd 6) of the Personal Property Law. The certificate of insurance stated that coverage was excluded for "total disability resulting from sickness, disease or physical condition" for which the debtor was treated within six months immediately prior to the policy date, unless the total disability commences after the policy has been in force for six consecutive months. Defendant contends that this exclusion was not valid under subdivision 3 of section 162 of the Insurance Law because it was not contained in the contract. Subdivision 3 of section 162 of the Insurance Law applies only to the "policy and each certificate issued thereunder" and not to the notice of insurance contained in the contract. The certificate of insurance complies with this provision. Finally, the "Notice of Proposed Insurance" contained in the contract meets the requirements of 11 NYCRR 185.5 in that it is separate and apart from the other provisions of the contract and contains a heading in bold-face type. While the quality of the print may leave something to be desired, the contract is readable and there is no support for defendant's contention that it was deliberately blurred or shaded. Appeal has been taken from the order granting reargument and adhering to the original order of the court after reargument was granted. It is timely even though no appeal was taken from the original order *(Price v Price,* 228 App Div 796; 10 Carmody-Wait 2d, NY Practice, § 70:42; Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPL 2221, C2221:7, p 158). (Appeal from order of Monroe Supreme Court granting order of seizure.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.