■ Graney Development Corp. et al., Respondents, v J. Robert Taksen et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: In this slander action, defendants appeal from so much of Special Term's order as denied their motion for summary judgment. Aside from their claim, with which we agree, that Special Term was incorrect in stating that the summary judgment motion was rendered moot when it permitted plaintiffs to amend the complaint, defendants' only remaining argument is that Special Term erred in failing to grant partial summary judgment dismissing the first cause of action insofar as it seeks $900,000 in special damages. Initially, we note that this is defendants' second summary judgment motion in this action. On the earlier motion another Special Term Justice determined that there were triable issues of fact as to whether defamatory statements had been uttered; if they were, whether they were protected by a qualified privilege, and whether they were uttered with actual malice. No appeal was taken from the order entered thereon. It appears that the factual information now asserted by defendants in support

of this motion would have been fully available to them when they first chose to seek the same relief. It is well settled that multiple summary judgment motions should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause *(Abramoff v Federal Ins. Co.,* 48 AD2d 676; *Levitz v Robbins Music Corp.,* 17 AD2d 801, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.13; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212 [Cumulative Annual Pocket Part, 1977-1978], C3212:21, p 57). Since the plaintiffs have not raised this objection to defendants' motion, we address the merits. We do so, however, with the admonition that we will generally not permit such fragmented attacks upon a cause of action or a defense. The special damages sought under plaintiffs' first cause of action represent claimed lost profits arising out of the alleged failure and refusal of Corning Glass Works (Corning) to enter into a contract for the sale of the Spring Pond Apartments to plaintiff Graney Development Corp. It is contended that Corning declined to execute the contract because of allegedly false, malicious and slanderous statements made to Corning's representative by the defendant Taksen, an employee of the defendant Citibank. Defendants argue that the testimony of Corning's representative at an examination before trial conclusively shows that Corning's decision not to go forward with the proposed contract was not occasioned by the defendant Taksen's allegedly defamatory statements. It is urged that the plaintiffs have failed to respond to the motion with evidence to the contrary. While it is true that where the moving party offers factual evidence sufficient to justify summary relief, the burden falls upon the opposing party to come forth with evidentiary facts to offset the movant's proof *(Blake v Gardino,* 35 AD2d 1022, affd 29 NY2d 876). It is equally established that "issue-finding, rather than issue-determination," is the key to a motion for summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Van Opdorp v Merchants Mut. Ins. Co.,* 55 AD2d 810; *Milstein v Montefiore Club of Buffalo,* 47 AD2d 805). Upon all of the circumstances to be gleaned from the papers submitted on the motion, a trier of fact might reasonably conclude that, after extensive negotiations, Corning had orally agreed to sell the apartment complex to Graney Development Corp., and had prepared and submitted a written contract for that purpose; that the contract was to be executed on or shortly after January 17, 1975; that as late as January 15, 1975 Corning had indicated an intention to sign the contract; that on January 16, 1975 false and defamatory statements concerning plaintiffs' financial transactions and credit status were made to a representative of Corning by the defendant Taksen, in his capacity as an employee of defendant Citibank; and that such statements caused or substantially contributed to Corning's decision on January 17, 1975 not to sell the property to Graney Development Corp. A trial is necessary to resolve the issues. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.