■ GRAPHIC OFFSET COMPANY, INC., Respondent, v ANDREW TORRE et al., as Copartners Doing Business as ANDREW TORRE ASSOCIATES, et al., Appellants. — Order of the Supreme Court, New York County, entered September 24, 1979 which granted plaintiff's motions to confirm Referee's report, for a protective order barring disclosure, and to dismiss defendants' setoff and counterclaim, unanimousy reversed, on the law and the facts and in the exercise of discretion, with costs, and plaintiff's motions denied in their entirety. The setoff and counterclaim of defendants alleging breach of contract by plaintiff and seeking damages because of plaintiff's misrepresentations, padding of costs and over-billing sets forth a cause of action in contract, and not, as plaintiff claims, a cause of action for fraud or an accounting. As Special Term recognized, a substantial issue raised by the counterclaim was whether there was such an agreement. It was improvident of Special Term, on plaintiff's motion, which merely sought a protective order against defendants' demand for production of all records specified in Item No. 1 of defendants' notice of deposition, to order a reference on the issue whether there was in fact such an agreement. That issue, the essence of defendants' counterclaim, should not have been tried by a Referee (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2218). The damages asserted in the counterclaim, admittedly, are unknown to defendants. Evidence and records pertaining to the amount of damages caused by the alleged breach are an integral part of the case and are discoverable *(Canocchioli v Ruppert,* 9 AD2d 765). The establishment of such damages may be ascertained by an examination before trial *(Cohen v Cohen,* 267 App Div 918). Accordingly, it was error to preclude defendants from obtaining on plaintiff's deposition evidence relevant to defendants' claim for damages. We note that plaintiff did not seek any specific relief with respect to Items Nos. 2, 3 and 4 of defendants' demand. Hence, it was improvident of Special Term to grant relief as to these items. The motion to dismiss the counterclaim was predicated upon the report of the Referee. In view of the impropriety of the reference, the report cannot serve as a basis for granting the relief sought by such motion, the dismissal of the setoff and counterclaim. We have considered the other contentions of plaintiff and find them without merit. Concur — Birns, J. P., Sandler, Silverman, Bloom and Lynch, JJ.