■ MARINE MIDLAND BANK, Respondent, v BARBARA C. FISHER, Appellant. (Appeal No. 1.) — Order unanimously reversed, on the law and facts, with costs, plaintiff's motion for summary judgment denied, and judgment vacated. Memorandum: Defendant appeals from an order of November 26, 1980 which granted plaintiff Marine Midland Bank (Bank) summary judgment in its action on a note executed by defendant and her deceased husband. Contrary to plaintiff's assertion, the order is appealable. While the decretal paragraph of that order merely states that defendant's motion to reargue was denied, it must be read in conjunction with the decisions in the proceedings before Special Term. On October 19, 1979, Special Term granted the Bank's motion for summary judgment and judgment was entered against defendant in the sum of $153,414.10 on October 25, 1979. On October 31, 1979, defendant moved to reargue. On September 15, 1980 Special Term determined that a triable issue of fact was presented concerning the authenticity of a defendant's signature on the note. Special Term reversed its prior order and denied summary judgment; however, no order to that effect was ever entered. By letter to the court dated September 23, 1980, counsel for the Bank argued that the court had erred in finding that the authenticity of defendant's signature on the note was in issue. On November 5, 1980 Special Term issued a third decision, finding that there was no dispute that defendant had executed the note and that the authenticity of her signature on an assignment of an insurance policy on the life of her deceased husband was immaterial to plaintiff's cause of action. Thereupon Special Term withdrew its decision of September 15, 1980 and let stand its decision of October, 1979. That series of events indicates that Special Term in fact granted defendant's motion to reargue, reconsidered the merits of the Bank's summary judgment motion, again reconsidered the merits and ultimately adhered to its prior decision embodied in the order and judgment of October, 1979. As such, the order of November 26, 1980 superseded that of October 19, 1979 (see *Dennis v Stout,* 24 AD2d 461) and is appealable (see *Lincoln First Bank of Rochester v Grabowski,* 50 AD2d 1074, 1075). Two procedural flaws in the proceedings before Special

Term mandate reversal of the November 26, 1980 order. Plaintiff had previously moved for summary judgment before a different Special Term Justice. (*Marine Midland Bank v Fisher* [Appeal No. 2], 85 AD2d 906.) The motion was denied upon a determination that triable issues of fact existed, in part because of defendant's denial that her signature on the assignment of the life insurance policy was authentic. Although the policy was available, it was not submitted to the court. On the second motion, Special Term relied on the provisions of that policy in its determination that defendant's consent to the assignment was unnecessary and hence her signature was immaterial. Multiple summary judgment motions should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause (*Graney Dev. Corp. v Taksen,* 62 AD2d 1148, 1149; *Harding v Buchele,* 59 AD2d 754; *Abramoff v Federal Ins. Co.,* 48 AD2d 676; *Powell v Trans-Auto Systems,* 32 AD2d 650). Fragmented attacks upon a defense through multiple summary judgment motions are not permissible. The policy was not newly discovered evidence and should have been submitted at the outset. Further, the fact that the subsequent summary judgment motion was brought before another Supreme Court Justice runs afoul of the proscription of CPLR 2221 (*Gajewski v Gajewski,* 71 AD2d 808; *Carborundum Environmental Systems Can. v Nitec Paper Corp.,* 69 AD2d 981; *Matter of Wright of County of Monroe,* 45 AD2d 932; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR C3212:21, p 82). Plaintiff's second motion for summary judgment should have been transferred to the Judge who had heard the initial motion to be considered as a motion to reargue or renew. (Appeal from order of Onondaga Supreme Court, O'Donnell, J. — summary judgment.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.