■ JACK NEGLIO et al., Respondents, v ELIAS ADLER et al., Appellants. — Order of Supreme Court, New York County (Ethel Danzig, J.), entered October 31, 1983, granting in part and denying in part defendants' motion to reargue and renew, denominated therein as a motion to reargue, is modified, on the law and the facts, without costs, to direct that within 30 days from entry of the order herein, plaintiffs shall furnish to the defendants authorizations for the office records of Dr. Arthur Friedman relating to the treatment of the plaintiff Jack Neglio, and is otherwise affirmed. ¶ In view of the conflicting information in the affidavit of Dr. Friedman, submitted in support of the motion to increase the *ad damnum* clause of the complaint herein, and the discharge summary from the Hospital for Joint Diseases concerning the plaintiff Jack Neglio's condition and his complaints, and the failure of the amended bill of particulars, filed a relatively short time before the motion was made, to make mention of any claim of bladder or bowel dysfunction or loss of feeling in his genital area, it was an improvident exercise of discretion for Special Term to have failed to require plaintiff to provide authorizations to defendants for Dr. Friedman's office records. This is especially so where a 10-fold increase of the *ad damnum* clause and further discovery, including further physical examinations, have been granted, largely upon the basis of claimed new injuries referred to in the doctor's supporting affidavit that are apparently inconsistent with his latest report which is dated a scant two months earlier. ¶ We have repeatedly held that the office records of the treating physician are discoverable where a plaintiff places his physical condition in issue. (*Attard v Tradewind Inds.*, 89 AD2d 508; *Danoff v Richardson-Merrell, Inc.*, 70 AD2d 543; *Greuling v Breakey*, 56 AD2d 540; see, also, *Pizzo v Bunora*, 89 AD2d 1013.) Discoverability of such records, upon a proper showing, as has been made here, is consistent with the mandate of CPLR 3101. (*Hoenig v Westphal*, 52 NY2d 605; *Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403.) ¶ Plaintiffs-respondents' argument that the order below is nonappealable because designated by Special Term as a "motion to reargue" rather than to "renew and reargue" as characterized by defendants-appellants, is without merit. We observe initially that the motion was in fact a motion to "renew" inasmuch as "new matter" was brought before the court in the form of a recently served, court-ordered, amended and supplemental bill of particulars which set forth the "new injuries" claimed by plaintiff, the recently served "Demand for Medical Information" with which plaintiff had not complied and defendant sought to enforce, and the fact of the apparent discrepancy between Dr. Friedman's prior affidavit, his October report and the hospital discharge summary all of which

prompted the request, for the first time for his office records. Thus the motion should have been treated as such and the order thereon is appealable. (See *Turkel v I.M.I. Warp Knits,* 50 AD2d 543.) Moreover, we note that inasmuch as Special Term held a hearing to consider "the substance of the motion" and in fact treated the merits of the motion in rejecting defendant's request for Dr. Friedman's notes, reargument was effectively granted with the court adhering to its prior decision. The order of October 31 supersedes the prior order, therefore, and is appealable. (*Keh Soo Park v White Eng. Corp.,* 99 AD2d 719; *Matter of Alessi v County of Nassau,* 85 AD2d 725; *Marine Midland Bank v Fisher,* 85 AD2d 905.) Concur — Kupferman, J. P., Sandler, Sullivan, Kassal and Alexander, JJ.