■ Carmella La Freniere, Respondent, v Capital District Transportation Authority, Defendant, and Schalmont

SCHOOL DISTRICT et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered January 11, 1984 in Schenectady County, which denied a motion by defendants Schalmont School District and Francis Severino for summary judgment dismissing the complaint.

On a prior appeal, this court affirmed an order of Special Term (Crangle, J.), which denied a motion by defendants Schalmont School District and Francis Severino for summary judgment dismissing the complaint for the plaintiff's failure to demonstrate "serious injury" (*La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664). The affirmance was limited to defendants' failure to submit medical reports in proper depositional form and their submission of attorneys' affidavits which lacked any evidentiary value. Thereafter, with these deficiencies corrected, a similar motion by the same parties for the same relief was again made before Special Term (Ford, J.). Special Term again denied the motion for defendants' failure to establish as a matter of law that plaintiff has not sustained a "serious injury". A review of the propriety of this order is the subject of this appeal.

We affirm, but for an entirely different reason. Multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause (*Marine Midland Bank v Fisher,* 85 AD2d 905, 906; *Graney Dev. Corp. v Taksen,* 62 AD2d 1148, 1149). Inasmuch as the deficiency on which the prior appeal was based was one of form only, the instant appeal contains no exception to the usual rule. Furthermore, bringing the second motion for the same relief before a different Supreme Court Justice runs afoul of the proscription of CPLR 2221 (see *Gajewski v Gajewski,* 71 AD2d 808; Siegel, 1974 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, 1983-1984 Supp Pamph, p 123). The motion should have been transferred to the Justice who had heard the initial motion, to be considered as a motion to reargue or renew (*Marine Midland Bank v Fisher, supra*). The affirmance of the order denying the motion herein should not be construed as establishing a triable issue of fact insofar as the trial stage is concerned (Siegel, 1974 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, 1983-1984 Supp Pamph, p 123), and does not preclude the Trial Justice from directing a verdict or granting judgment notwithstanding the verdict (see *Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948, mot for lv to app den 34 NY2d 515). The order appealed from should, therefore, be affirmed.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.