IRVING WOLTHER et al., Respondents, v LILLIAN SAMUEL et al., Appellants.

The action was brought by the brother and two nieces of decedent to impose a constructive trust upon the assets of decedent Leon Wolther, which were alleged to be in the hands of defendants. It is asserted that, prior to his death, the decedent allowed his substantial assets and property to remain in accounts held jointly with his niece, defendant Lillian Samuel, but he had expressed an intention that his wealth be shared by his other surviving heirs. The complaint charges that defendants acted to frustrate the decedent's intention to distribute his assets equally among his heirs by employing various devices, including duress, undue influence and fraud committed at a time when the decedent was aged and infirm. It is alleged that, during the period prior to his death, defendants subjected him to various unnecessary drugs and medicines, verbally and physically intimidated and threatened him and, in furtherance of the

scheme, prevented plaintiffs from visiting with him. The interrogatories at issue here seek discovery as to the nature and location of decedent's assets.

Special Term denied the motion for a protective order, concluding that the interrogatories properly related to the subject of the action. In doing so, the court rejected defendants' claim that, to the extent the action sought an accounting, discovery of finances could not be obtained until after a right to an accounting had been established. We disagree. While the action is styled as one to impress a constructive trust, the essential relief sought is in the nature of an accounting as well as for a constructive trust. Under established principles, discovery as to fiscal matters in an action for an accounting may not be obtained in the usual situation unless and until plaintiff establishes a right to an accounting (*see, Kahn v Rodman,* 91 AD2d 910; *Goldman v Salzberg,* 45 AD2d 680; *Barnett Robinson, Inc. v F. Staal, Inc.,* 43 AD2d 826; *cf. Mari v Strater,* 91 AD2d 579, 580).

In addition, under the circumstances of this case, the nature and location of assets, which is all that is sought by the interrogatories, have not been determined to have a bearing upon the issues in the action to impose a constructive trust, which are the existence of a confidential or fiduciary relationship, a promise, a transfer in reliance on the promise and unjust enrichment by reason of the breach (*see, Sharp v Kosmalski,* 40 NY2d 119, 121).

There is also no merit to the claim that the order is not appealable by reason of the fact that defendants did not appeal from the original order. To the contrary, an order granting reargument and adhering to the original determination is appealable, albeit no appeal was taken from the original order (*Price v Price,* 228 App Div 796; *Lincoln First Bank v Grabowski,* 50 AD2d 1074; *Marine Midland Bank v Fisher,* 85 AD2d 905; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:7, p 158). Concur — Sandler, J. P., Asch, Bloom and Kassal, JJ.