■ JAMES D. KELEHER, Respondent, v AMERICAN AIRLINES, INC., Appellant.—Order unanimously reversed on the law with costs and defendant's motion granted. Memorandum: Plaintiff James Keleher was employed by defendant American Airlines as an airport operations agent. He was discharged on June 29, 1978 for allegedly selling an airline ticket at the flight gate, removing the flight coupons to eliminate any evidence of the sale and pocketing the money. Keleher was an at-will employee, terminable without cause. However, upon his discharge, he was entitled to invoke the company's three-step grievance procedure, as set out in the airline's regulations (see, Matter of Keleher v American Airlines, 91 AD2d 866, lv denied 58 NY2d 610, 1065).

Plaintiff unsuccessfully pursued the grievance procedure through step one, which consists of review of his discharge by a department executive. He requested a hearing before a Hearing Officer, pursuant to step two. The hearing was closed by the Hearing Officer without any evidence having been presented. The Hearing Officer determined that plaintiff, by his attorney, had effectively withdrawn his request for the hearing. Plaintiff commenced this action for breach of contract and wrongful discharge. Special Term granted plaintiff's motion for summary judgment on the ground that defendant had denied plaintiff his right to a hearing, and denied defendant's cross motion for summary judgment dismissing the complaint. That was error.

The evidence before Special Term does not support its conclusion that defendant deprived plaintiff of his right to a hearing. On the contrary, the record firmly supports the conclusion that defendant was willing to provide plaintiff with a hearing, scheduled the hearing and had its representatives and witnesses ready to participate in the hearing, but that plaintiff's obstructionist conduct prevented the hearing from going forward. The Hearing Officer's determination that plaintiff had effectively withdrawn his request for the hearing is amply supported in the record. Because plaintiff's employment was terminable at will, subject only to his right to protest his discharge by invoking the grievance procedure, and because he withdrew his request for a hearing, his discharge is final. Therefore, plaintiff's action for breach of contract and wrongful discharge is dismissed.

Defendant's appeal is properly before us, because the court

in effect granted reargument and then affirmed its earlier decision. Such an order is appealable *(see, Neglio v Adler,* 101 AD2d 771; *Marine Midland Bank v Fisher,* 85 AD2d 905). (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—renew/reargue.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.