ing memorandum: Plaintiff fell when she stepped from the carpeting to the tiled floor in defendant's store. She alleged in her complaint that the accident was caused by defendant's negligence in allowing water to remain on the floor. At trial, the court refused to allow plaintiff to testify that she discovered that her slacks were damp upon arriving at the hospital, and granted defendant's motion to dismiss the complaint. That was error. Evidence of a subsequent condition is admissible to show the existence of the condition at the time in question when the facts permit such an inference (Richardson, Evidence § 193 [Prince 10th ed]). The fact that plaintiff discovered the damp spot at the hospital, 30 minutes after the fall and 10 miles away, would go to the weight to be given plaintiff's testimony, not its admissibility. If that evidence had been received, the jury could have inferred that there was a defect, i.e., a damp spot, on the floor. Furthermore, there was other evidence which, if believed, would have allowed the jury to find that defendant had actual notice of such defect *(see, Negri v Stop & Shop,* 65 NY2d 625, 626; *Newman v Great Atl. & Pac. Tea Co.,* 100 AD2d 538). (Appeal from order of Supreme Court, Erie County, Francis, J.—negligence.) Present— Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ In the Matter of HARRIET H. BECK, Appellant, v TRAVELERS INSURANCE COMPANIES, Respondent.—Order unanimously affirmed without costs *(Kosiorek v University of Rochester,* 152 AD2d 927). (Appeal from order of Supreme Court, Allegany County, Feeman, J.—consent for third-party settlement.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ THADDEUS ZAWADZKI, Individually and as Administrator of the Estate of SHEILA ZAWADZKI, Deceased, Respondent, v OVID D. KNIGHT et al., Defendants, and BIOZYME MEDICAL LABORATORIES ASSOCIATES OF MDS HEALTH GROUP, INC., Appellant. (Appeal No. 1.)—Appeal unanimously dismissed as moot without costs *(see, Marine Midland Bank v Fisher,* 85 AD2d 905). (Appeal from order of Supreme Court, Erie County, Gossel, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ THADDEUS ZAWADZKI, Individually and as Administrator of the Estate of SHEILA ZAWADZKI, Deceased, Respondent, v OVID D. KNIGHT et al., Defendants, and BIOZYME MEDICAL LABORATORIES ASSOCIATES OF MDS HEALTH GROUP, INC., Appellant. (Appeal No. 2.)—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff commenced this action against