■ STUART D. SHANLER, Appellant, v STATE OF NEW YORK, Respondent.—Mercure, J. Appeal from an order of the Court of Claims (Lyons, J.), entered February 28, 1989, which, inter alia, upon granting renewal, adhered to a prior order granting the State's motion for summary judgment dismissing the claim.

Claimant filed a claim in this action in 1985, alleging personal injuries as the result of a slip and fall on land owned by the State. A 45-day conditional order of preclusion was

entered against claimant upon consent on December 12, 1986. A subsequent motion to vacate the order of preclusion was denied by order entered October 8, 1987 as a result of claimant's failure to establish either reasonable excuse for the default underlying the order of preclusion or merit to the claim. Asserting claimant's absolute preclusion, the State thereafter moved for and was granted summary judgment dismissing the claim by order entered November 3, 1988. Claimant took no appeal from that order. Claimant subsequently moved to "resettle" the order upon the ground that the order failed to include an affirmation of Antonio Mareno, dated October 11, 1988, in the recitation of the papers considered on the motion. Noting that the return date on the motion for summary judgment was October 5, 1988 and that the affirmation was served on October 12, 1988 and had not been considered on the motion, the Court of Claims nevertheless treated the motion as one to renew, granted the motion and, upon renewal, adhered to its prior decision to grant the State's motion for summary judgment. Claimant appeals.

As a preliminary matter, we reject the State's contention that the appeal is untimely. The February 28, 1989 order of the Court of Claims, granting renewal, reconsidering the merits of the State's motion for summary judgment and adhering to the prior grant of summary judgment, superseded the November 3, 1988 order and is itself appealable *(see, Neglio v Adler,* 101 AD2d 771, 772; *see also, Keleher v American Airlines,* 132 AD2d 949, *lv denied* 70 NY2d 614; *Marine Midland Bank v Fisher,* 85 AD2d 905).

Addressing the merits of the appeal, we conclude that the Court of Claims did not err in its grant of summary judgment dismissing the claim, either in the first instance or upon renewal, and accordingly affirm. Claimant, absolutely precluded from presenting evidence at trial of prior notice of the allegedly dangerous condition, injury or damages, was effectively prevented from establishing a prima facie case *(see, Vecchiano v Greyhound Lines,* 135 AD2d 708, *lv denied* 71 NY2d 803).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.