■ TOWN OF WILSON, Respondent, v TOWN OF NEWFANE, Appellant. [596 NYS2d 266] —Order unanimously affirmed with costs. Memorandum: The IAS Court properly denied the Town of Newfane's motion for summary judgment. In *Town of Wilson v Town of Newfane* (181 AD2d 1045), we held that there was a question of fact whether the term "maintenance" in paragraph 1 of the August 27, 1980 agreement between the parties included the costs of closing the landfill. Additionally, we held that whether Newfane terminated the agreement without cause and whether the Town of Wilson waived any breach of the agreement were questions of fact to be resolved at trial. Within three weeks of entry of our order, Newfane again moved for summary judgment, asserting that Wilson breached the agreement "by operating the landfill site in violation of the Environmental Conservation Law and DEC Regulations". Initially, we note that successive summary judgment motions "should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" *(Marine Midland Bank v Fisher,* 85 AD2d 905, 906; *Graney Dev. Corp. v Taksen,* 62 AD2d 1148, 1149). Newfane has not made any showing of newly discovered evidence or other sufficient cause and it is not disputed that the facts underlying the theory now relied upon by Newfane were known to it at the time of the prior motion for summary judgment. In any event, there is no merit to the substantive issue raised by Newfane. Newfane terminated the 1980 agreement with Wilson almost a year before Wilson signed the consent order with the DEC. Newfane's reliance on the consent order, therefore, is misplaced. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.

■ In the Matter of CITY OF UTICA, Respondent, v JOHN HUDACS, as Commissioner of the Office of General Services of the State of New York, et al., Appellants. [598 NYS2d 749] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Tenney, J. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Article 78.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.