■ JOHN W. ASHFORD, Appellant, v ROCHESTER HOSPITAL SERVICE CORP. et al., Defendants, and GENESEE VALLEY GROUP HEALTH ASSOCIATION et al., Respondents. [627 NYS2d 500] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action arises from the alleged failure of defendants Genesee Valley Group Health Association (GVGHA) and Wilson Health Center (Wilson) to diagnose the presence of a lobulated acoustic neuroma in the right ear of plaintiff. On a prior appeal, we affirmed the order denying the motion of

GVGHA and Wilson for summary judgment *(Ashford v Rochester Hosp. Serv. Corp.,* 176 AD2d 1252). After further discovery, a new motion was made before a different Judge. Supreme Court found that the motion was based on "new evidence" and granted GVGHA and Wilson summary judgment dismissing plaintiff's causes of action against them.

"Initially, we note that successive summary judgment motions 'should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause' *(Marine Midland Bank v Fisher,* 85 AD2d 905, 906; *Graney Dev. Corp. v Taksen,* 62 AD2d 1148, 1149)" *(Town of Wilson v Town of Newfane,* 192 AD2d 1095). The motion of GVGHA and Wilson for summary judgment was supported by an affidavit of a corporate officer (Bonino) averring that there was no legal relationship between the specialist, Dr. Hadley, to whom plaintiff had been referred, and GVGHA and Wilson. GVGHA and Wilson failed to show that it was newly discovered evidence or that it could not have been submitted on the prior motion. In any event, the record, even as augmented by the Bonino affidavit, still leaves open the question of the legal relationship between Dr. Hadley and GVGHA and Wilson. Plaintiff produced evidentiary proof in admissible form, to wit, GVGHA referral forms identifying Dr. Hadley as a "consultant", as well as deposition testimony by Physician's Assistant Terp, raising an issue of fact with respect to that relationship. Therefore, we modify the order on appeal by denying the motion of GVGHA and Wilson for summary judgment and by reinstating plaintiff's causes of action against them. (Appeal from Order of Supreme Court, Monroe County, Stander, J.— Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.