■ RALPH P. PENNINO, Respondent, v LASERSURGE, INC., et al., Appellants. [627 NYS2d 607] —Order unanimously affirmed with costs. Memorandum: The previous denial of defendants' motion for summary judgment *(Pennino v Lasersurge, Inc.,* 178

AD2d 939), made before discovery was initiated, did not preclude a second motion based upon new information elicited during disclosure *(see, Schriptek Mktg. v Columbus McKinnon Corp.,* 187 AD2d 800, 801, *lv denied* 81 NY2d 704; *Chiarello v Harold Sylvan, P. C.,* 161 AD2d 948, 949; *cf., Ashford v Rochester Hosp. Serv. Corp.,* 214 AD2d 954 [decided herewith]). Supreme Court properly concluded, however, that the new information did not warrant a different result. Questions of fact remain with respect to the alleged agreement to sell plaintiff stock in defendant Lasersurge, Inc. *(see, Pennino v Lasersurge, Inc., supra),* as well as plaintiff's entitlement to recover for services rendered to defendants based upon theories of quantum meruit and unjust enrichment. The court did not abuse its discretion in granting plaintiff's cross motion to compel further disclosure. The information sought is relevant to the amount of plaintiff's damages under the fourth cause of action alleging unjust enrichment *(see, Graphic Offset Co. v Torre,* 78 AD2d 788). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present —Green, J. P., Pine, Fallon and Callahan, JJ.