■ THOMAS CROSSMAN, Appellant-Respondent, et al., Plaintiff, v HARDING INDUSTRIAL TOOL, et al., Respondents-Appellants, and Third-Party Plaintiffs. ALLIED AMPHENOL CORPORATION, Third-Party Defendant-Respondent-Appellant. [635 NYS2d 397] —Order unanimously affirmed without costs. Memorandum: Plaintiff appeals from an order granting summary judgment dismissing the complaint upon the ground that the common-law causes of action alleged in the complaint are preempted by the Federal Insecticide, Fungicide and Rodenticide Act (7 USC § 136 *et seq.*). Harding Industrial Tool, Master Chemical Corporation (Master Chemical) and Allied Amphenol Corporation (Allied) cross-appeal from that same order insofar as it brings up for review an earlier order denying the motions of Master Chemical and Allied for summary judgment dismissing the complaint upon Statute of Limitations' grounds. We conclude that Supreme Court (Pooler, J.) should have dismissed the complaint as time-barred, and thus, we affirm the order of dismissal on those grounds. Under the circumstances, it is unnecessary to reach the preemption issue.

During January 1987, plaintiff, a lathe operator employed by Allied, noticed a rash on his hands within a few weeks after Allied started using Trim TC-183, a microbiostat, as an additive in its machine coolant. A day or two later, he went to the company infirmary and was given a lotion to use on his hands. On February 5, 1987, plaintiff saw the company physician, who determined that plaintiff had developed dermatitis on his hands. The physician restricted him from working with the coolant to see if his condition would improve. After marginal improvement, the physician permitted plaintiff to resume working on machines using the coolant on February 23, 1987. After plaintiff had further direct hand contact with the coolant, the company physician, on March 17, 1987, observed additional skin eruptions and areas of irritation on plaintiff's hands. Plaintiff's dermatitis continued to worsen and, on April 14, 1987, the company physician referred plaintiff to a dermatologist. The dermatologist informed plaintiff on April 30, 1987 that he suffered from chronic dermatitis as the result of direct hand contact with the coolant. Plaintiff commenced this action on April 17, 1990, seeking damages for personal injuries caused by exposure to the microbiostat added to the machine coolant.

CPLR 214-c (2) provides that a cause of action for injuries caused by the latent exposure to a substance must be com-

menced within three years "from the date of discovery of the injury by plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered." The record conclusively establishes that plaintiff discovered before April 17, 1987 that he had sustained an injury *(see, Johnson v Ashland Oil,* 195 AD2d 980, *lv denied* 82 NY2d 660). It is not necessary that the plaintiff be informed that his injury was caused by a particular chemical before the limitations' period begins to run *(see, Johnson v Ashland Oil, supra).* Thus, Supreme Court should have granted summary judgment dismissing the causes of action sounding in common-law negligence and strict products liability.

Plaintiff's cause of action for breach of warranty is governed by a four-year Statute of Limitations (UCC 2-725), which began to run on the date each defendant tendered delivery of the product to its immediate purchaser *(see, Heller v U. S. Suzuki Motor Corp.,* 64 NY2d 407, 411; *Rothstein v Tennessee Gas Pipeline Co.,* 204 AD2d 39, 45, *affd* 87 NY2d 90). Because Harding Industrial Tool tendered delivery of the microbiostat additive to Allied in June 1983, more than four years before commencement of this action, the breach of warranty cause of action is likewise time-barred.

We reject plaintiff's contention that the court abused its discretion by considering the summary judgment motions based upon the Statute of Limitations. The judicial policy disfavoring successive motions for summary judgment *(see, Ashford v Rochester Hosp. Serv.,* 214 AD2d 954; *Town of Wilson v Town of Newfane,* 192 AD2d 1095) does not apply to Allied's cross motion for summary judgment, which was Allied's first motion for such relief *(see, Continental Ins. Co. v Helmsley Enters.,* 211 AD2d 589). Moreover, the initial motion by Master Chemical sought summary judgment on personal jurisdiction grounds, and information essential to its second motion on Statute of Limitations' grounds did not become available until the subsequent examination before trial of plaintiff. (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Denman, P. J., Wesley, Balio and Davis, JJ.