■ BRYANT VILLATORO et al., Respondents, v AMBASSADOR APARTMENTS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. ALCO ELECTRIC CO., INC., Third-Party Defendant-Appellant. [767 NYS2d 837]—In an action, inter alia, to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated September 26, 2002, as, in effect, denied its motion, denominated as one for summary judgment dismissing the third-party complaint but which was in actuality one for leave to reargue its prior motion for summary judgment, and granted the plaintiffs' cross motion for leave to amend their complaint to assert a cause of action against it.

Ordered that the appeal from so much of the order as denied the motion denominated as one for summary judgment dismissing the third-party complaint but which was in actuality one for leave to reargue its prior motion, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly treated the second motion of the

third-party defendant Alco Electric Co., Inc. (hereinafter Alco), for summary judgment dismissing the third-party complaint as a motion for leave to reargue, since Alco failed to present any newly-discovered evidence or other sufficient cause for bringing a second summary judgment motion (*see Giganti v Town of Hempstead,* 186 AD2d 627 [1992]; *see La Freniere v Capital Dist. Transp. Auth.,* 105 AD2d 517 [1984]; *Marine Midland Bank v Fisher,* 85 AD2d 905 [1981]). Accordingly, the appeal from so much of the order as denied the motion must be dismissed as no appeal lies from an order denying reargument.

The Supreme Court properly granted the plaintiffs' cross motion to amend the complaint to assert a cause of action against Alco (*see* CPLR 203 [f]; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473 [1985]). Smith, J.P., McGinity, Luciano and Townes, JJ., concur.