OPINION OF THE COURT
Joseph Capella, J.
By notice of motion dated June 26, 2007, the petitioner seeks, inter alia, summary disposition (CPLR 409) of the proceeding and dismissal (CPLR 3211 [b]) of the respondent’s *469 ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth affirmative defenses. First, as to the summary disposition request, article 4 of the CPLR was drafted so that there would be no need for a summary judgment motion in a summary proceeding because the trial/hearing on the petition, generally brought on by expedited procedure, is itself the functional equivalent of summary judgment. (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 406.) CPLR 409 (a) adopts the basic elements of CPLR 2214 (c) for a trial/hearing on the pleadings; however, it does not include the last sentence of CPLR 2214 (c), which restricts consideration only to papers served in accordance with motion practice. (Id.) This is because CPLR 409 was not intended to be used as a basis for a written accelerated judgment motion similar to article 32 of the CPLR. This point is made clear by CPLR 409 (b), which essentially acknowledges that as all summary proceedings do not go to trial quickly, the actual making of a written motion for summary judgment (CPLR 3212) is permitted. (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 409.) CPLR 409 (b) merely allows for summary determination upon a trial/hearing on the pleadings where no triable issues of fact exist. (Port of N.Y. Auth. [62 Cortlandt St. Realty Co.], 18 NY2d 250 [1966].) Therefore, although the petitioner couched the relief sought in the instant motion as one for summary disposition (CPLR 409), it is in fact a motion for summary judgment.
The instant proceeding commenced some time in June 2004, and an answer was interposed in August 2004. On May 25, 2005, the Honorable Maria Milin denied the petitioner’s motion dated December 3, 2004 which sought, inter alia, summary judgment pursuant to CPLR 3212. The proceeding was scheduled to go to trial on June 20, 2005, but has been adjourned numerous times since then. Multiple summary judgment motions are discouraged, and inconsistent with the purpose of a summary proceeding, in the absence of a showing of newly discovered evidence. (Public Serv. Mut. Ins. Co. v Windsor Place Corp., 238 AD2d 142 [1st Dept 1997]; La Freniere v Capital Dist. Transp. Auth., 105 AD2d 517 [3d Dept 1984].) It appears that the petitioner has obtained newly discovered evidence in support of its earlier claim for summary judgment; however, bringing a second motion for the same relief before a different judge runs afoul of the proscription of CPLR 2221. (Siegel, NY Prac § 253, at 432 [4th ed]; *470 La Freniere v Capital Dist. Transp. Auth., 105 AD2d 517 [3d Dept 1984].) Describing the instant motion as one for summary disposition versus summary judgment does not obviate CPLR 2221, and the proper motion should have been one to renew before Judge Milin who heard the initial motion. (CPLR 2221.) Although referral is available, the instant motion seeks relief beyond summary judgment, and as this proceeding has been delayed long enough and summary disposition (CPLR 408) is still available at the trial/hearing, no referral shall be made. Instead this court will adjourn this proceeding to September 25, 2007, 9:30 a.m., Part A, room 523 for trial.* This is without prejudice to the petitioner making a motion to renew before Judge Milin in the interim.
There still remains the petitioner’s request for dismissal (CPLR 3211 [b]) of the respondent’s ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth affirmative defenses. In an earlier motion dated November 13, 2006, the petitioner similarly sought dismissal pursuant to CPLR 3211 (b). On May 21, 2007, the Honorable Karen Lin denied this motion without prejudice to renew because the petitioner failed to annex a copy of the answer to the moving papers. As Judge Lin made no determination on the merits and her denial was without prejudice to renew, CPLR 2221 is not implicated. CPLR 3211 (b) permits dismissal of a defense that lacks merit or where none is stated; however, the pleadings should be afforded a liberal construction and the benefit of every possible inference, and the court should accept as true the facts alleged therein. (Frank v Daimler Chrysler Corp., 292 AD2d 118 [1st Dept 2002].)
The respondent alleges that his apartment is subject to rent stabilization, and accepting same as true, he is entitled to certain predicate notices (9 NYCRR 2524.2) as indicated in his ninth affirmative defense. In addition, the respondent’s warranty of habitability defenses (i.e., twelfth, fourteenth and fifteenth) are viable defenses to the petitioner’s request for use and occupancy. (Evans v Charap, NYLJ, Dec. 18, 1991, at 23, col 1 [Civ Ct, NY County].) Therefore, the petitioner’s request to dismiss said defenses is denied. On the other hand, as the petitioner has produced a valid certificate of occupancy and *471 multiple dwelling registration, the respondent’s tenth and eleventh affirmative defenses regarding same are dismissed. Lastly, as the respondent’s thirteenth defense of waiver is set forth in conclusory terms and completely devoid of facts (Hyman v Levin, 243 App Div 6 [1st Dept 1934]), said defense is likewise dismissed.

 Also, if it appears at the trial that judgment is warranted as a matter of law for one side or the other, the trial judge, despite the pretrial denial of the motion for summary judgment, may grant judgment notwithstanding. (Siegel, NY Prac § 287, at 470 [4th ed].)