■ HUDSON VALLEY PROPANE CORP., Respondent, v. OLIVER T. BYRNE, JR., et al., Appellants.— AULISI, J. Appeal from a judgment of the Supreme

Court, Ulster County, entered on September 1, 1964, permanently enjoining the defendants from soliciting plaintiff's customers whose names defendant Byrne had learned while employed by plaintiff and its predecessors. Byrne, now 27 years of age, was employed as a deliveryman in his father's bottled gas business. His duties also included the solicitation of new customers. Upon his father's death, November 4, 1961, Byrne continued to work for his mother who carried on the business. In the Fall of 1962, she sold the business to the plaintiff and Byrne stayed on and performed his usual duties until May 27, 1963, when he voluntarily left plaintiff's employ. There was no written contract of employment. The names of the customers were kept in card files on a desk in the business office by plaintiff and its predecessors. The record discloses that Byrne grew up in the business, that prior to quitting school he often accompanied his father when the latter was delivering gas and that he was personally familiar with more than half of the customers before 1952. Plaintiff contends that Byrne made unlawful use of the list of customers which he obtained while working for plaintiff and its predecessors, by soliciting their customers. It is argued by defendants that the list was never confidential, that he knew the customers personally from his association with his father and from his long period of employment. Moreover, the users of bottled gas in his area could be ascertained by means other than plaintiff's customer lists. It appears from the record that the users of bottled gas could be ascertained by an investigation only slightly more involved than a door-to-door solicitation or reference to a public directory. On the outside of each home where bottled gas was used, both gas tanks and name tags were on public display. In fact, many of these tanks were in front or on the side of the homes and easily seen from the main road. An injunction to prevent competition is an unusual remedy and where it has been granted it was usually in a case where the defendant had breached a written agreement not to compete. In the instant case there is admittedly no such agreement. In situations where an injunction has been granted — in the absence of a written agreement — there has been either fraud, unique skills or a customer list properly considered a trade secret and consequently confidential because of some unusual effort or expense in ascertaining the names of such customers and building up their confidence in the complainants' business (see e.g., *Town & Country House & Home Serv.* v. *Newberry*, 3 N Y 2d 554; *People's Coat, Apron & Towel Supply Co.* v. *Light*, 171 App. Div. 671, affd. 224 N. Y. 727; *Bates Chevrolet Corp.* v. *Haven Chevrolet*, 13 A D 2d 27; *Abdallah* v. *Crandall*, 273 App. Div. 131; *Peerless Pattern Co.* v. *Pictorial Review Co.*, 147 App. Div. 715). In some cases there is the added factor of the use of a similar name to mislead (see, e.g., *Scott & Co.* v. *Scott*, 186 App. Div. 518). In our view, here the names of plaintiff's customers were not confidential or trade secrets. They were available to others by relatively simple investigation and without reference to plaintiff's index cards. Furthermore, there is testimony here that a number of plaintiff's customers, of their own volition, discontinued service with it because of dissatisfaction with such service, poor quality of the gas and price increases. We are constrained to conclude that although the plaintiff may have lost some customers by defendants' competition, they cannot claim a legal injury or violation of a right. Judgment reversed, on the law and the facts, and complaint dismissed, with costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.