■ CAROL R. O'HARA, Also Known as CAROL REED, Respondent, v. GARDNER ADVERTISING, INC., et al., Appellants.— Order, entered on June 30, 1967, denying defendants' motion for summary judgment, unanimously reversed on the law, with $50 costs and disbursements to appellants, motion granted and complaint dismissed. Plaintiff does not have a property right in the phrase "Have A Happy". "Disassociated with the subject thereof, whatever it may be, a title or name composed of ordinary words, cannot acquire the status of property. So disassociated, it becomes merely words; and all words of our language are in the public domain. All who speak or write have an inherent right to use any and all words in the English language or any combination thereof for any legitimate purpose." (*Ball* v. *United Artists Corp.*, 13 A D 2d 133, 137.) It is true that plaintiff has sufficiently pleaded a cause of action in unfair competition, in accordance with the requirements set forth in the *Ball* case (*supra*). However, since the defendants have moved for summary judgment and have by affidavits made a prima facie showing of lack of merit to the action, the plaintiff was bound to come forward with proof of evidentiary facts showing a triable issue as to the existence of the material elements of her cause of action. Plaintiff has completely failed to do this. She has not factually demonstrated that the bare words in the phrase used by her have achieved a secondary meaning so that actual confusion resulted, nor is there any showing that defendants' use of these words was intended to confuse or deceive the public, or that there was a connection between plaintiff's activities and defendants' No-Cal beverages and, further, she has not shown any actual injury. Concur — Capozzoli, J. P., McGivern, Markewich, McNally and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES JENKINS, Appellant.— Order entered November 19, 1968, denying after hearing petition for writ of error *coram nobis*, reversed on the law and facts and in the interest of justice, the petition is granted, the judgment of conviction dated April 26, 1964 is vacated (see 26 A D 2d 619) and a new trial ordered. In our opinion, representation of both defendants by the same attorney created a conflict of interest which was prejudicial by reason of the fact that the informer and the petitioner-appellant were represented by appellant's lawyer without appellant's knowledge that his codefendant was an informer. (See *People* v. *Byrne*, 17 N Y 2d 209.) Concur — Capozzoli, J. P., Tilzer, Nunez, McNally and Steuer, JJ.