■ FOODS PLUS, INC., Respondent, v EDWARD M. FRANKEL et al., Appellants.—In an action *inter alia* to enjoin defendants from disclosing any of plaintiff's "trade secrets", defendants appeal from an order of the Supreme Court, Kings County, entered June 30, 1976, which denied their motion to dismiss the first cause of action and for summary judgment with respect thereto. Order reversed, on the law, with $50 costs and disbursements, and motion granted. No findings of fact were presented for review. Plaintiff contends that its marketing program and customer lists are entitled to protection as trade secrets. Defendants moved for summary judgment and, by their affidavits, made a prima facie showing that the first cause of action lacks merit. Plaintiff was therefore bound to come forward with proof of evidentiary facts showing a triable issue as to the allegations of the said cause of action (see *O'Hara v Gardner Adv.,* 32 AD2d 632). Plaintiff failed to state evidentiary facts showing the uniqueness of its marketing program and, absent such a showing, its program is not entitled to trade secret protection (cf. *Peerless Pattern Co. v Pictorial Review Co.,* 147 App Div 715). Since plaintiff's customers are readily ascertainable outside of its business, trade secret protection will not attach to its customer lists (see *Leo Silfen, Inc. v Cream,* 29 NY2d 387). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.