■ REIDMAN AGENCY, INC., Appellant-Respondent, v DONALD C. MUSNICKI et al., Respondents-Appellants. — Order unanimously modified and, as modified, affirmed, with costs to defendants, in accordance with the following memorandum: Plaintiff is an insurance agency. Defendant Musnicki is a salesman formerly employed by plaintiff, and defendant Allyn & Small, Inc., is the insurance agency by whom he is presently employed. During Musnicki's employment with plaintiff, he had in his possession a "customer list" or production report containing the names of some of plaintiff's customers expiration dates of their policies, the amounts and types of coverage purchased, and the premium charged. Plaintiff contends that the report is a trade secret and it seeks an order enjoining defendants from contacting its customers, soliciting business from them or in any way interfering with plaintiff's business relationship with its customers. It also seeks an order directing defendants to deliver to it any and all information taken by defendant Musnicki pertaining to its customers. Plaintiff moved for a preliminary injunction seeking the relief demanded in the complaint and defendants cross-moved for an order dismissing the complaint for failure to state a cause of action. Special Term ordered defendants to surrender all materials containing the names of plaintiff's customers, including the production report. Defendants have acknowledged that they retain no other lists or documents belonging to plaintiff other than the production report. The order also restrained defendants from soliciting the customers whose names appear in the production report, but only insofar as solicitation is based solely upon information contained in it. The court denied the motion in all other respects and the parties cross-appeal. Defendants subsequently complied with the order to surrender the production reports and they possess no other documents of plaintiff. The issue is whether the names contained on the production report of this insurance agency, without more, constitute a trade secret. The rule is that in the absence of a written agreement a court will enjoin a former employee from competing with his former employer only upon a showing that the employee has engaged in fraud or other wrongful conduct, that the nature of his work was unique or extraordinary or that the competition is based upon a customer list which is properly considered a trade secret *(Hudson Val. Propane Corp. v Byrne,* 24 AD2d 908, 909; and see *Leo Silfen, Inc. v Cream,* 29 NY2d 387, 391-393). Inasmuch as defendant Musnicki lawfully had possession of the production reports and he has now surrendered them, plaintiff is not entitled to further relief. The insurance business is not unique, nor was Musnicki's assignment with the plaintiff, and the names of insurance customers are not a trade secret (see *Leo Silfen, Inc. v Cream, supra; Foods Plus v Frankel,* 54 AD2d 706). (Appeals from order of Monroe Supreme Court — preliminary injunction.) Present — Simons, J. P., Hancock, Jr., Schnepp, Callahan and Doerr, JJ.