■ EVELYN BEAGAN, Respondent, v MANHATTANVILLE NURSING CARE CENTER, INC., Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 19, 1991,

which denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, the motion is granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

This is an action to recover damages for alleged breach of contract and improper termination of employment. Plaintiff, a registered nurse with a Bachelor of Arts and a Masters Degree in Public Administration, was Associate Director of Clinical Services at Bellevue Hospital in March 1988, when defendant health care facility, Manhattanville Nursing Care Center, Inc. ("Manhattanville"), initiated discussions with respect to her employment as its Director of Nursing Services. Following meetings with Manhattanville's Administrator, plaintiff accepted the position pursuant to an oral agreement. At the time of her acceptance, plaintiff, who had been interviewing with other health care facilities to assess employment opportunities in the field, had no outstanding offers of employment from others, and was still employed at Bellevue Hospital.

On May 23, 1988, plaintiff began working at Manhattanville and, on June 4, 1988, she signed a job description for the position of Director of Nursing Services which, in pertinent part, stated as follows: "I * * * understand that my employment is at-will, and therefore understand that my employment may be terminated at-will by the facility or myself with or without notice."

Plaintiff was discharged for alleged unsatisfactory performance on March 23, 1989, and received six weeks severance pay for her ten-month tenure. She commenced the instant action on May 23, 1989, asserting that she had been induced to take the position with promises that she would begin as Director of Nursing Services, be appointed Assistant Administrator when the facility opened, and thereafter receive training to qualify for, and ultimately become, defendant's Administrator. Manhattanville denies having made these oral promises of guaranteed advancement, and states that it merely agreed to provide plaintiff with assistance in obtaining the license required to become an Administrator, and to consider her for that position if she satisfactorily performed her duties as Director of Nursing Services.

Upon examination of this record, we conclude that plaintiff has failed to present facts sufficient to raise a triable issue with respect to her status as an at-will employee. Not only did

plaintiff sign a job description explicitly acknowledging as such, but the employment was for an indefinite term, which is "presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason". *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300; *see also, Ingle v Glamore Motor Sales,* 73 NY2d 183, 188.)* While the right of an employer to terminate an at-will employee may be limited by a constitutional or statutory violation, or through express agreement *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458), no such grounds are present here.

In addition, the assurances which plaintiff claims to have relied upon in agreeing to accept the position with Manhattanville were not memorialized in any writing, including the written job description provided to plaintiff at the time she was hired, and plaintiff's sole evidence thereof consists of letters written by Manhattanville to third-parties *after* she accepted and commenced employment.

We further note that, after her discharge, plaintiff was hired, on or about October 23, 1989, as Associate Director of Rehabilitation Services at Bellevue, at a salary equal to that she received from Manhattanville, $53,000, and that, in November 1990, she left to take a position with another facility, at an annual salary of $85,000 per year. Thus, plaintiff failed to establish that the claimed reliance inured to her detriment and, accordingly, did not make out a *prima facie* case. *(See, DiCocco v Capital Area Community Health Plan,* 159 AD2d 119, *lv denied* 77 NY2d 802.)* In this context, we observe that plaintiff rejected no other offers in accepting this employment, and has not availed herself of a program offered by her present employer to obtain an Administrator's certificate. Her present salary not only exceeds her salary as Director of Nursing Services at Manhattanville, but the salary paid to the Administrator of that facility.

Our review of the record leads us to conclude that plaintiff's claim for compensation for hundreds of hours of alleged overtime is equally unavailing. Plaintiff admitted that she was hired for this management position on the basis of an annual salary, not hourly wages and, consistent therewith, she neither sought nor received overtime compensation during her employ.

Finally, we hold that defendant was not barred from again moving for summary judgment, since the second motion was based upon new information obtained through depositions and, as such, was not repetitive of the first. *(Cf., Abramoff v*

*Federal Ins. Co.,* 48 AD2d 676.) Concur—Sullivan, J. P., Kupferman, Ross, Kassal and Smith, JJ.