■ Schriptek Marketing, Inc., Appellant, v Columbus McKinnon Corporation, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Conway, J.), entered August 21, 1991 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff is engaged in consulting, marketing and selling in connection with the business of tire recycling, shredding and resource recovery. In late 1982 defendant was seeking new business opportunities due to its shrinking business and an underemployed facility which manufactured heavy equipment. It is undisputed that plaintiff introduced defendant to the concept of tire shredding and that plaintiff's representative, Edward Monsoor, provided defendant with information about the technology, potential market and overall business of the tire shredding industry to interest defendant in a business venture with plaintiff. In May 1983 defendant executed a secrecy agreement which provided: "Whereas [plaintiff] has certain proprietary information and knowledge concerning tire shredding and disposal of the shredded product and will share this information and knowledge with [defendant], a potential investor, for the purpose of understanding the investment[, defendant], its affiliates, assigns and successors in interest, agrees [sic] to keep confidential all such knowledge

and information so disclosed and to not use the information in any business venture other than with [plaintiff] or to disclose the information to any other party without the express written consent of [plaintiff]."

In June 1983, after further discussions with Monsoor, defendant advised plaintiff that it was not interested in a monetary investment in plaintiff's proposal, but was interested in exploring the possibility of manufacturing tire shredders. In August 1983 defendant proposed an agreement whereby plaintiff would sell or lease tire shredders manufactured by defendant. Plaintiff proposed a counteragreement. Neither agreement was executed.

In November 1983, defendant formed a new division in preparation of entering into the tire shredder business and sometime thereafter it began to manufacture and market tire shredders. Plaintiff alleges that during this period Monsoor continued to provide defendant with information concerning the tire shredding industry. Finally, by letter dated March 5, 1986, defendant informed plaintiff that it had "no interest in pursuing further with you those things which you claim to know, or have information on, regarding the sale of shredding equipment".

Plaintiff thereafter commenced this action, asserting several causes of action based upon breach of contract, fraud and misappropriation of trade secrets. After issue was joined, defendant moved for summary judgment and Supreme Court denied the motion. Following the completion of discovery, defendant again moved for summary judgment. Supreme Court granted the motion and dismissed the complaint, resulting in this appeal by plaintiff.

Plaintiff contends that Supreme Court's denial of defendant's first summary judgment motion required the court to deny the second motion as well. We disagree. The denial of a motion for summary judgment has little preclusive effect (see, Zook v Hartford Acc. & Indem. Co., 64 AD2d 701, 702; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, at 327). Rather, the courts have adopted a policy which discourages multiple summary judgment motions in the same action in the absence of newly discovered evidence or other sufficient cause (Manning v Turtel, 135 AD2d 511, 511-512; La Freniere v Capital Dist. Transp. Auth., 105 AD2d 517, 518). Where, as here, the second motion is based upon new information obtained during disclosure, the second motion is not repetitive of the first and the court may rule on

the merits of the second motion *(see, Beagan v Manhattanville Nursing Care Ctr., 176 AD2d 633, 635, lv denied 79 NY2d 753).*

Turning to the merits, plaintiff concedes that the basis for this action is defendant's alleged violation of the secrecy agreement whereby defendant agreed not to disclose or use any of the proprietary information and knowledge provided by plaintiff, except in a business venture with plaintiff. As used in the agreement, the word "proprietary" clearly modifies the term "information and knowledge", so that the critical issue is whether plaintiff provided defendant with any information and knowledge that was proprietary. Supreme Court concluded that the idea or concept of entering into the tire shredder business was not proprietary to plaintiff and that plaintiff had not given any proprietary customer list to defendant.

Plaintiff contends that although much of the information and knowledge provided to defendant was generally available to the public, it was plaintiff's compilation of that knowledge and information which constituted a trade secret protected by the parties' secrecy agreement. According to plaintiff, the compilation of information constituted a "recipe" for entering into the tire shredder business and defendant was able to enter the business so quickly because of the information supplied by plaintiff. Defendant alleges that any information and knowledge obtained from plaintiff was either provided by plaintiff before execution of the secrecy agreement or consisted of information that was generally available elsewhere.

An essential requisite to a proprietary interest in a compilation of information is the element of secrecy, which means substantial exclusivity of knowledge of the compilation and the employment of precautionary measures to preserve such exclusive knowledge, so that there would be difficulty in acquiring the information except by use of improper means *(Delta Filter Corp. v Morin, 108 AD2d 991, 992).* Based upon our review of the record, we conclude that the evidence fails to raise a question of fact on the issue of secrecy. The documents in the record which plaintiff provided to defendant appear to contain mostly general information regarding the tire shredding industry that would likely be possessed by any competitor actually engaged in the business of manufacturing and marketing tire shredders. Plaintiff alleges that Monsoor supplied defendant with other knowledge and information orally, but the record contains nothing other than general allegations that the information related to the marketing of tire shredders and was proprietary. Although plaintiff may

have collected a substantial amount of information about the tire shredding industry, there is no evidence that this compilation of information was novel *(see, Ferber v Sterndent Corp.,* 51 NY2d 782, 783-784) or unique *(see, Foods Plus v Frankel,* 54 AD2d 706) and that the information was not generally available and easily compiled *(see, Delta Filter Corp. v Morin, supra,* at 992). We agree with Supreme Court that plaintiff failed to meet its burden of producing evidence to show that the allegations of the complaint are real and capable of being established at a trial *(see, Foods Plus v Frankel, supra; see also, Cheeseman v Inserra Supermarkets,* 174 AD2d 956, 958) and, therefore, the order must be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.