■ Gregory A. Smith, Respondent, v Metropolitan Transportation Authority, Defendant, and Metro-North Commuter Railroad, Appellant. (And a Third-Party and Second Third-Party Action.) [641 NYS2d 8] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about October 19, 1995, which, *inter alia,* denied Metro-North's motion for summary judgment dismissing the complaint brought under the Federal Employers' Liability Act (FELA; 45 USC § 51 *et seq.),* unanimously reversed, on the law, without costs, defendant Metro-North's motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant Metro-North, dismissing and severing the action as against it.

Defendants' second summary judgment motion, based upon new evidence gained by discovery during the five years subsequent to the first motion, was not precluded by the law of the case doctrine *(Beagan v Manhattanville Nursing Care Ctr.,* 176 AD2d 633, 635, *lv denied* 79 NY2d 753; *Holloway v Cha Cha Laundry,* 97 AD2d 385, 386; *Chiarello v Sylvan,* 161 AD2d 948, 949), and should have been granted, since no triable issues of fact exist.

In order to come within the ambit of FELA, plaintiff must demonstrate that he was a railroad employee at the time of his injury, i.e., that at such time, the railroad had significant supervisory control or the right to such control over the perfor-

mance of his duties (*Lindsey v Louisville & Nashville R. R. Co.*, 775 F2d 1322, 1324; *Kelley v Southern Pac. Co.*, 419 US 318, 327; *Bailey v Missouri-Kansas-Texas R. R.*, 732 SW2d 248, 250 [Mo Ct App]). A review of the factors to be considered in making this determination (*see, e.g., Shenker v Baltimore & Ohio R. R. Co.*, 374 US 1, 6; *Melancon v Amoco Prod.*, 834 F2d 1238, 1244; *Ancelet v National R. R. Passenger Corp.*, 913 F Supp 968; *Stiltner v Norfolk & W. Ry. Co.*, 1994 WL 901187 [WD Va, May 16, 1994, Turk, J.]) clearly indicates that plaintiff was not an employee of defendant Metro-North at the time of the accident, and that Metro-North's role relative to the work performed by plaintiff was merely to coordinate plaintiff's herbicide spraying with the operation of the railroad such that both were accomplished safely and efficiently.

Specifically, Asplundh, not Metro-North, was plaintiff's employer; Asplundh was an independent contractor retained to perform weed killing services; Asplundh supervised and directed its employees in the performance of the contract; Asplundh hired plaintiff and had the right to fire or discipline him; Asplundh furnished all the equipment and supplies used by plaintiff to perform his duties; plaintiff was trained by Asplundh; Asplundh paid plaintiff's wages; plaintiff's work on Metro-North property was seasonal and non-continuous and he only worked there briefly; Asplundh, not Metro-North, was in the business of weed and brush spraying; and plaintiff worked for a number of different railroads in the course of his employment with Asplundh.

A railroad's efforts to coordinate an independent contractor's work with its own ongoing operations have been found insufficient to bring a plaintiff within the ambit of FELA (*Kelley v Southern Pac. Co., supra*, at 329; *Stiltner v Norfolk & W. Ry. Co., supra; Ancelet v National R. R. Passenger Corp., supra*), and plaintiff's attempts to characterize such efforts as "control" here are to no avail. On the other hand, plaintiff significantly downplays the facts in the cases cited in support of his position, such as *Buccieri v Illinois Cent. R. R.* (235 Ill App 3d 191, 601 NE2d 840, *lv denied* 148 Ill 2d 640, 610 NE2d 1260) and *Vinyard v Missouri Pac. R. R.* (632 SW2d 272 [Mo Ct App]), where the circumstances unquestionably indicate control on the part of the railroad and are readily distinguishable from this case.

Accordingly, we find, as a matter of law, that in all material respects, plaintiff's employer, Asplundh, not Metro-North, exercised authority and control over his work at the time of his injury, and as a consequence, defendant's motion for sum-

mary judgment is granted. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.