■ PETER FIELDING et al., Appellants, v ENVIRONMENTAL RESOURCES MANAGEMENT GROUP et al., Respondents. WANTAGH AVENUE CLEANERS, Third-Party Plaintiff, v AQUIFER DRILLING AND TESTING, INC., Third-Party Defendant-Respondent. [678 NYS2d 253] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about January 24, 1996, which, inter alia, granted the motions of defendants and third-party defendant for summary judgment dismissing the complaint, and order, same court and Justice, entered April 4, 1996, which, to the extent appealable, denied plaintiff's motion to renew and adhered to the court's original January 24, 1996 determination, unanimously affirmed, without costs.

Plaintiff, who was allegedly injured while taking soil samples, has no cause of action under Labor Law § 240 (1) because elevation was not a factor in his injury (Rocovich v Consolidated Edison Co., 78 NY2d 509). Nor is Labor Law § 241 (6) applicable because plaintiff was not involved in excavation as defined by 12 NYCRR 23-1.4 (b) (19). Finally, there is no merit to plaintiff's argument that the IAS Court erred in entertaining successive motions for summary judgment. New materials, including deposition transcripts, obtained through discovery since the prior round of motion practice rendered the instant motions entirely appropriate (see, Beagan v Manhattanville Nursing Care Ctr., 176 AD2d 633, lv denied 79 NY2d 753). Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MAZA, Appellant. [678 NYS2d 253] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 25, 1995, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him to a prison term of 6 months to run concurrently with a term of 5 years probation, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea, since the record establishes that the plea was knowing, intelligent and voluntary, and since defendant, after being afforded the opportunity to present his claims both orally and in a written motion, failed to support his claims of coercion with anything other than conclusory allegations (see, People v Frederick, 45 NY2d 520). Defendant's remaining arguments are unpreserved and without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.