OPINION OF THE COURT
Richard F. Braun, J.
This is an action for an account stated, quantum meruit and breach of contract. Plaintiff claims that it is owed attorney’s fees for the provision of legal services. Defendant estate of *519 Louis Foil (Estate) moves to dismiss the action for lack of jurisdiction over the person of said defendant, pursuant to CPLR 3211 (a) (8). Plaintiff moves for partial summary judgment and for an immediate trial pursuant to CPLR 3212 (c). Defendants Martin Bernstein (Bernstein) and Estate cross-move to dismiss the action against them pursuant to CPLR 3211 (a) (5), due to the alleged failure by plaintiff to sue them within the Statute of Limitations.
Plaintiff served the amended summons (which was really a supplemental summons, pursuant to CPLR 305 [a]) and amended complaint on defendant Estate by serving its attorney. There is no showing that there was proper service on defendant Estate under CPLR article 3. A summons cannot be served pursuant to CPLR 2103 (b), which only allows service of papers on an attorney in an action that is already pending (cf., Beach v Lost Mtn. Manor, 53 Misc 2d 563, 564-565 [Sup Ct, Monroe County 1967] [where it was held that, because a subpoena had to be served in the same manner as a summons, the subpoena could not be served pursuant to CPLR 2103 (b) on an attorney for a party in the action]). Thus, this court does not have jurisdiction over the person of defendant Estate.
Plaintiff has already moved for summary judgment twice as to defendant Broadwall Management, Inc. (Broadwall). On September 23, 1998, plaintiffs motion for such relief was denied without prejudice for failure to submit copies of the pleadings (CPLR 3212 [b]; Krasner v Transcontinental Equities, 64 AD2d 551 [1st Dept 1978]). On March 12, 1999, plaintiffs second motion for summary judgment was denied on the merits. This is not a situation where plaintiff has demonstrated good cause to permit yet another summary judgment motion as to defendant Broadwall, such as where there is a change in the appellate common law (see, Forte v Weiner, 214 AD2d 397, 398 [1st Dept 1995]) or newly discovered evidence (Fielding v Environmental Resources Mgt. Group, 253 AD2d 713 [1st Dept 1998]).
Thus, the motion for partial summary judgment as to defendant Broadwall should be denied. Plaintiff has not shown that an immediate trial should be ordered under the circumstances, pursuant to CPLR 3212 (c).
As defendant Bernstein raised the defense of Statute of Limitations in paragraph 12 of his answer, he should have cross-moved for summary judgment, rather than to dismiss under CPLR 3211 (a) (5) (see, Rich v Lefkovits, 56 NY2d 276, 278 [1982]). It is not necessary for this court to give the parties no *520 tice that the cross motion to dismiss will be treated as one for summary judgment, pursuant to CPLR 3211 (c), because the issues have been discussed by the parties in their papers, and the court can search the record and award summary judgment to defendant Bernstein (CPLR 3212 [b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]).
The Statute of Limitations for the account stated, quantum meruit and breach of contract causes of action is six years (CPLR 213 [2]; Stewart v Stuart, 262 AD2d 396 [2d Dept 1999]; Moors v Hall, 143 AD2d 336, 339-340 [2d Dept 1988]). The last day that the legal services at issue were provided by plaintiff was on September 30, 1993, and the action was not commenced against defendant Bernstein by September 30, 1999. Under CPLR 304, an action is commenced when the summons (here the supplemental summons as to defendant Bernstein) is filed (Rybka v New York City Health & Hosps. Corp., 263 AD2d 403, 404 [1st Dept 1999]; see, Matter of Gershel v Porr, 89 NY2d 327, 330 [1996]). An affidavit of service was filed alleging that defendant Bernstein was served with an amended summons on May 18, 2000, which was after the Statute of Limitations had expired. There is no showing that a supplemental summons (or a summons entitled amended summons) was ever filed with the court as to defendant Bernstein (nor does the County Clerk’s file contain any such filing).
Under the circumstances, contrary to plaintiff’s argument, the “relation back” doctrine under CPLR 203 (b) does not apply because this action was commenced by filing (see, CPLR 203 [c]) not service, and because defendants Bernstein and Broad-wall were not united in interest, and plaintiff has not demonstrated that defendant Bernstein knew or should have known that plaintiff would have sued him if not for a mistake that plaintiff made in neglecting to determine all the proper parties to this action when it was commenced (see, Buran v Coupal, 87 NY2d 173, 175-178 [1995]; Mondello v New York Blood Ctr. Greater N. Y. Blood Program, 80 NY2d 219, 226 [1992]). Thus, the Statute of Limitations has run as to all three causes of action asserted against defendant Bernstein.
Therefore, the motion by defendant Estate and cross motion by defendant Bernstein should be granted to the. extent of dismissing this action as to defendants Estate and Bernstein. Plaintiff’s motion should be denied. Defendants Broadwall and Bernstein should be awarded $100 motion costs on plaintiff’s motion, pursuant to CPLR 8106 and 8202.