■ LORD DAY & LORD, BARRETT, SMITH, Appellant, v BROAD-WALL MANAGEMENT CORP., Defendant, and MARTIN BERNSTEIN et al., Respondents. [753 NYS2d 68] —Order, Supreme Court, New York County (Richard Braun, J.), entered March 21, 2001, which, in an action by a law firm to recover a fee, inter alia, granted defendants-respondents' motions to dismiss the complaint as against them, unanimously affirmed, with costs.

Defendant-respondent individual and the decedent of defendant-respondent estate were the principals of a corporation originally named as the only defendant in this action commenced in April 1998. Motion practice resulted in a March 1999 order denying plaintiff's motion for summary judgment on the ground that issues of fact exist as to whether, among other things, plaintiff's services in the underlying Queens County action were rendered only on behalf of the principals and whether the corporation agreed to pay for plaintiff's representation of the principals. Thereafter, in May, June or July 1999, within six years of the last bill issued by plaintiff to defendants in November 1993, plaintiff moved for leave to add the principals as party defendants. That motion, at first denied without prejudice in August 1999 for lack of a copy of the proposed complaint, was granted in April 2000 on the ground that the corporation failed to show that it would be prejudiced by the joinder of its principals in an amended complaint alleging that plaintiff was retained to represent all three defendants

under an agreement providing that the corporation would pay all of plaintiff's bills. Plaintiff then purported to serve the surviving principal and the estate of the other principal in May and June 2000, respectively, and settled with the corporation in September 2000.

Since service on the estate and the surviving principal (respondents) was made after the statute of limitations had run (CPLR 213 [2]; *cf. Stewart v Stuart*, 262 AD2d 396, *lv denied* 94 NY2d 753), the action must be dismissed as against them unless they were "united in interest" with the corporation within the meaning of CPLR 203 (c). No such showing is made. For purposes of relation back under CPLR 203 (b) and (c), more is required than mere nonhostility between the defendants. Their interests must be " 'such that they stand or fall together and that judgment against one will similarly affect the other' " (*Connell v Hayden*, 83 AD2d 30, 40, quoting *Prudential Ins. Co. v Stone*, 270 NY 154, 159), i.e., respondents and the corporation must "necessarily have the same defenses to the plaintiff's claim" (*id.* at 43).

We have considered and rejected plaintiff's argument that the statute of limitations was tolled during the pendency of its motion for leave to add respondents (*cf.* CPLR 204 [a]). We note the absence of argument in plaintiff's brief relating to dismissal of the action as against defendant estate on the additional ground of lack of jurisdiction. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Ellerin, JJ. [*See* 187 Misc 2d 518.]