██ RALSTON PURINA COMPANY, Plaintiff, v ARTHUR G. McKEE & COMPANY, Defendant and Third-Party Plaintiff-Respondent, and INDUSTRIAL FIRST, INC., Defendant and Second Third-Party Plaintiff-Respondent-Appellant. GAF CORPORATION et al., Third-Party Defendants-Appellants and Second Third-Party Defendants-Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Successive motions for summary judgment should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause *(see, McDougal v County of Livingston,* 89 AD2d 815; *Marine Midland Bank v Fisher,* 85 AD2d 905, 906; *Graney Dev. Corp. v Taksen,* 62 AD2d 1148, 1149). In this case, third-party defendants GAF and Silbrico instituted two prior motions, one for summary judgment (CPLR 3212) and the other for dismissal (CPLR 3019). Both motions were denied, and the movants have failed to raise any issue that was not, or could not have been, raised on those prior applications. Under the circumstances, the court properly denied the instant motions.

Supreme Court erred, however, in denying the cross motion of defendant and third-party plaintiff Industrial First to dismiss the Statute of Limitations defense raised by both third-party defendants. The third-party complaints seek contribution and implied indemnification, and it is undisputed that no payment has been made by the third-party plaintiff. A cause of action for indemnity or contribution does not accrue for Statute of Limitations purposes until payment has been made by the party seeking to recover *(see, State of New York v Stewart's Ice Cream Co.,* 64 NY2d 83, 88-89; *McDermott v City of New York,* 50 NY2d 211, 217-220). Here, the Statute of Limitations on the third-party plaintiff's claim has not begun to run. (Appeals from Order of Supreme Court, Chautauqua County, Ricotta, J.—Summary Judgment.) Present—Callahan, J. P., Denman, Boomer, Balio, and Lowery JJ. (Order entered May 23, 1991.)