■ FACTORY POINT NATIONAL BANK, Respondent, v WOODEN INDIAN, INC., Defendant, and MALKA SHALIT et al., Appellants. [603 NYS2d 216] —Yesawich Jr., J. P. Appeal from that part of an order of the Supreme Court (Dier, J.), entered July 6, 1992 in Warren County, which denied a cross motion by various defendants for summary judgment dismissing the complaint against them.

Plaintiff loaned money to defendant Wooden Indian, Inc. for the purchase of a forklift, and in return was granted a security interest therein. Subsequently, Wooden Indian and defendants Shimon Shalit and Malka Shalit entered into an agreement to construct a shopping center in the Town of Queensbury, Warren County. Several months into the construction, Wooden Indian encountered financial difficulties and withdrew from the project, leaving the forklift and other equipment on the site for the Shalits' continued use.

Wooden Indian subsequently defaulted on its loan obligation, and on May 25, 1990 plaintiff dispatched a representative

to the work site to repossess the forklift. Upon his arrival at the site, the representative was told that the forklift had been stolen. A police report was filed, but the matter was dropped the next day when defendant Michael J. O'Connor (the Shalits' attorney) informed plaintiff that the Shalits still had the forklift, but had removed it from the site and would not disclose its location, ostensibly because plaintiff had not provided satisfactory confirmation of its ownership interest. The forklift was later returned to the site and was allegedly stolen therefrom in late July 1990.

In an attempt to enforce its security interest, plaintiff initially brought a replevin action against the Shalits and Wooden Indian; Supreme Court dismissed that suit, without prejudice, apparently because the defendants were not in possession of the collateral at the time the suit was commenced.

Plaintiff then instituted this action against the Shalits, Angelo Abbenante (the Shalits' employee), O'Connor, Greenridge Management Corporation (a corporation owned by the Shalits and involved in the construction project) (hereinafter collectively referred to as defendants), and Wooden Indian, requesting essentially the same relief as in the earlier lawsuit but relying on several different legal theories. Defendants challenge Supreme Court's denial of their cross motion for summary judgment on the ground of res judicata.

We affirm. Defendants contend that by granting the Shalits' motion for summary judgment in the first suit, Supreme Court foreclosed the instant litigation, which undeniably arises out of the same underlying transactions. There is no indication in the record, however, that Supreme Court passed on the merits of the first suit; its deliberate penning of the words "without prejudice" on the order dismissing the complaint provides strong evidence to the contrary (cf., Donner v Baker, 11 AD2d 905; Hollenbeck v Aetna Cas. & Sur. Co., 215 App Div 609, 612, affd without opn 243 NY 540), and defendants have put forth no proof to substantiate their conclusory assertion that the dismissal was, in fact, "on the merits". Consequently, that dismissal does not bar the instant action despite the fact that it involves many of the same issues (see, Kret v Brookdale Hosp. Med. Ctr., 93 AD2d 449, 453, affd 61 NY2d 861; see also, CPLR 205 [a]).

Defendants also contend that regardless of the applicability of the doctrine of res judicata, the absence of any triable issue of fact renders summary judgment appropriate. It is axio-

matic, however, that a party moving for summary judgment bears the initial burden of coming forward with proof, in admissible form, to support its claim of entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Defendants failed to meet their burden; in support of their motion they submitted the affidavit of an attorney who has no personal knowledge of the underlying facts *(see, National Sav. Bank v Hartmann,* 179 AD2d 76, 77, *lv denied* 79 NY2d 759; *Wilder v Rensselaer Polytechnic Inst.,* 175 AD2d 534). And to the extent that defendants rely solely on the asserted failure of the complaint to state a cause of action, we find their claim meritless; the allegations of the complaint adequately state causes of action sounding in, *inter alia,* negligence, fraud and conversion.

It is also urged by defendants that plaintiff improperly joined O'Connor, the Shalits' counsel, as a party defendant. In their view the allegations against O'Connor, even if accurate, demonstrate nothing more than civil conspiracy, which is not a recognized tort in New York. We disagree. The complaint charges that O'Connor made deliberate misrepresentations to third parties, an assertion which, if proven, supports a finding that he participated in the perpetration of a fraud. The cause of action against O'Connor must therefore stand, for the allegations of "conspiracy" serve to connect his conduct "with an otherwise actionable tort" *(Alexander & Alexander v Fritzen,* 68 NY2d 968, 969).

With respect to defendants' final contention, that the attorney-client privilege prohibits any discovery of O'Connor's statements, we note that information as to those communications which were made to or in the presence of third parties is not shielded by the privilege; should inquiry, at trial or during discovery, range into the area of protected interactions, the privilege may be invoked at that time *(see, 305-7 W. 128th St. Corp. v Gold,* 178 AD2d 251).

Crew III, White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.