■ DALJUN YU, Appellant, v SONG SU PAE et al., Respondents, et al., Defendants. [608 NYS2d 286] —In an action, *inter alia,* to recover damages for fraud, to impose a constructive trust, and for an accounting, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Smith, J.), dated October 28, 1991, as denied his cross motion for summary judgment "on the question of liability".

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well established that once a moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Here, the plaintiff showed, through his affidavit and that of the defendant Kim's brother, as well as other documentary evidence, that his purported signature on a stock certificate was unauthorized and unratified by him. Thus, he was entitled to assert its ineffectiveness against the purchaser, Chae, if she was not "a purchaser for value * * * who has in good faith received a new, reissued or re-registered certificated security on registration of transfer" (UCC 8-311 [a]). However, we find that Chae's affidavit and supporting documents in opposition to the motion constitute sufficient evidence in admissible form to establish the existence of a triable issue of fact as to whether Chae was such a purchaser *(see, e.g., Center v Hampton Affiliates,* 66 NY2d 782). Accordingly, the Supreme Court properly denied the plaintiff's cross motion. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.