MURRAY BAKER et al., Respondents, v R.T. VANDERBILT COMPANY, INC., et al., Appellants, et al., Defendant. (And 19 Other Related Actions.) [688 NYS2d 726] —Carpinello, J. Appeals (1) from that part of an order of the Supreme Court (Demarest, J.), entered August 29, 1997 in St. Lawrence County, which partially denied a motion by defendant St. Joe Minerals Corporation for summary judgment dismissing the complaints against it, and (2) from that part of an order of said court, entered September 4, 1997 in St. Lawrence County, which partially denied a motion by defendants R.T. Vanderbilt Company, Inc. and Gouverneur Talc Company, Inc. for summary judgment dismissing the complaints against them.

This appeal involves 20 separate lawsuits, many of which have been pending for more than 10 years, commenced by over 100 employees, former employees and estates of deceased employees who suffered personal injuries from the inhalation of asbestos containing minerals allegedly released by defendants' mining practices.[1] All of the subject mines (whether open pit or shaft) are located within several miles of each other in St. Lawrence County. Defendant Gouverneur Talc Company, Inc. mined talc, a raw material used principally in the ceramic and paint industries. Defendant R.T. Vanderbilt Company, Inc. (hereinafter Vanderbilt) owns all of the stock of Gouverneur. Vanderbilt claims, through the affidavit of its president, that it never engaged in the actual mining, milling or processing of

---

1. Plaintiffs Mary Hall and Judy Gotham are the only plaintiffs who never worked in the mines. Hall alleges that she suffered injuries after coming into contact with dust on her husband's work clothes. Similarly, Gotham claims injuries from contact with her father's work clothes.

talc; rather, it served only as a "sales agent" for its subsidiary. However, in 1974, Vanderbilt acquired substantially all the assets of nonparty International Talc Company, Inc., which had also employed numerous named plaintiffs in its talc mines. Although plaintiffs concede that they do not seek relief against Vanderbilt based upon its status as a successor corporation to International, the record is unclear as to whether Vanderbilt itself ever used any of the acquired assets of International for mining. Furthermore, although Vanderbilt contends that it purchased these assets "through" Gouverneur, the asset purchase agreement is clearly between Vanderbilt and International. Defendant St. Joe Minerals Corporation mined zinc in the same vicinity that Gouverneur mined talc.[2]

The complaints are essentially identical in that they assert causes of action in negligence, breach of warranty, strict products liability and fraud/conspiracy, as well as loss of consortium claims where appropriate. In response to defendants' instant motions for summary judgment, Supreme Court dismissed all claims by those employees as against their own employers based upon the exclusivity provisions of the Workers' Compensation Law. To the extent that plaintiffs assert claims that the mining activities of a defendant *other than* their respective employers also caused exposure to asbestos (by causing the airborne dispersal of asbestos-containing minerals in the community generally), Supreme Court dismissed those causes of action sounding in breach of warranty and products liability but found questions of fact precluding dismissal of the negligence and fraud/conspiracy causes of action.[3] Defendants appeal, arguing that their motions should have been granted in their entirety.

At the outset, we address plaintiffs' procedural contention that, because defendants did not appeal from the 1989 order denying summary judgment, they were precluded from filing subsequent motions for similar relief. "The denial of a motion for summary judgment establishes nothing except that summary judgment is not warranted at [that] time" (Siegel, NY Prac § 287, at 416 [2d ed]). In light of the considerable additional discovery conducted by the parties subsequent to the 1989 denial of summary judgment, we find sufficient cause for

---

2. Fluor Corporation, the parent company of St. Joe, was originally named as a defendant but has been dismissed from the actions with plaintiffs' consent.

3. In making the latter determination, Supreme Court relied principally on a prior determination of Supreme Court (Duskas, J.) rendered in 1989 which denied summary judgment to defendants.

the filing of the instant motions for summary judgment (*compare, Ralston Purina Co. v McKee & Co.*, 174 AD2d 1060) and, accordingly, reject this contention.

Turning to the substantive issue of the viability of plaintiffs' causes of action sounding in negligence, defendants argue that their only duty as employers was to provide a safe workplace for their employees and that this duty does not extend to those plaintiffs who were not in their employ. They rely principally on *Widera v Ettco Wire & Cable Corp.* (204 AD2d 306, *lv denied* 85 NY2d 804), which refused to recognize a cause of action in favor of a neurologically injured infant who claimed exposure to lead dust and other toxic chemicals while in utero. The exposure allegedly occurred as a result of the infant plaintiff's father bringing his work clothes home to be washed by his then pregnant wife (*see, id.*, at 306). While the Court in *Widera* (*supra*) found that the defendant employer owed no duty under common-law negligence to the infant plaintiff, we do not view the causes of action as pleaded by plaintiffs in these cases quite so narrowly as to fit squarely within the factual confines of *Widera*.

Mine operators, like all landowners, must exercise reasonable care in the use of their property and can be found liable for the negligent discharge of dangerous substances which injure third parties (*see generally*, 53A Am Jur 2d, Mines and Minerals, § 339, at 499-500; *see also*, 85 NY Jur 2d, Premises Liability, § 270, at 519-520). On the record before us, we cannot conclude as a matter of law that defendants, if their mining activities were a source of airborne asbestos in the community generally, did not breach any legal duty to plaintiffs. Plaintiffs (excluding Hall and Gotham) will ultimately have to prove that their incidental exposure to the alleged airborne asbestos—as opposed to their considerable exposure during the course of employment—was a *substantial cause* of their respective injuries; however, on these motions defendants offered no expert testimony concerning the issues of causation or the apportionment of harm among two or more causes (*see*, Restatement [Second] of Torts § 434; *see also, Stornelli v United States Gypsum Co.*, 134 F2d 461, 463, *cert denied* 319 US 760). In sum, they failed to meet their initial burden of proof as movants for summary judgment and Supreme Court properly denied their motions with respect to the negligence causes of action.

We reach a contrary result, however, with respect to the fraud/conspiracy causes of action. Since New York does not recognize an independent tort of civil conspiracy (*see, Factory*

*Point Natl. Bank v Wooden Indian*, 198 AD2d 563, 565; *see also, Guglielmo v Unanue*, 244 AD2d 718, 721), such a cause of action is available only if there is evidence of an underlying actionable tort (*see, Factory Point Natl. Bank v Wooden Indian, supra*, at 565). Thus, plaintiffs may not maintain their causes of action for civil conspiracy absent a showing of fraud on the part of defendants. Plaintiffs contend that defendants intentionally concealed information from or made affirmative misrepresentations to their workers about the alleged dangers of the asbestos purportedly contained in the ore being mined. Following discovery, plaintiffs' counsel conceded that there was no proof that St. Joe conspired in any way with either Vanderbilt or Gouverneur. Plaintiffs continue to allege, however, that Vanderbilt and Gouverneur conspired with others including, but not limited to, International.

These allegations are not sufficient, however, because the only substantive proof of the claimed misrepresentations or concealment of known dangers relates to statements and assurances by defendants' managerial personnel and/or physicians as communicated *to their respective employees* about the lack of any danger or potential harm from asbestos. The record is devoid of any factual support that defendants made false misrepresentations to or intentionally concealed material facts from the public generally, as is required to support a claim for the alleged fraud perpetrated by a mining defendant other than a plaintiff's respective employer. Indeed, a knowingly false representation cannot support a claim for fraud unless made with the intent to be communicated to persons who relied upon it to their detriment (*see, Ultramares Corp. v Touche*, 255 NY 170, 187). There being an absence of proof that defendants intended to make false representations to individuals not in their employ who would rely upon these representations to their detriment, summary judgment with respect to the conspiracy/fraud causes of action should have been granted.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are modified, on the law, without costs, by granting defendants' motions for summary judgment insofar as they seek to dismiss plaintiffs' causes of action for fraud and conspiracy to commit fraud; said causes of action are dismissed; and, as so modified, affirmed.