■ CATARINA CASTRO, Appellant, v DELTA INTERNATIONAL MACHINERY CORP., Defendant and Third-Party Plaintiff-Respondent. GREAT NECK SAW MANUFACTURERS, INC., Third-Party Defendant. [766 NYS2d 65] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated April 2, 2002, which granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, and (2) a judgment of the same court entered May 14, 2002, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff-respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

One of the plaintiff's fingers was severed while she was working with a drill press in the course of her employment with the third-party defendant, Great Neck Saw Manufacturers, Inc. (hereinafter Great Neck). The defendant third-party plaintiff, Delta International Machinery Corp. (hereinafter Delta), manufactured the drill press.

The Supreme Court properly granted Delta's motion for summary judgment dismissing the complaint. Delta made a prima facie showing of entitlement to judgment as a matter of law by showing that its product was not defective, and that the possible causes of the accident were the fault of the plaintiff or of Great Neck (*see Scarangella v Thomas Built Buses,* 93 NY2d 655 [1999]; *Sideris v Simon A. Rented Servs.,* 254 AD2d 408 [1998]). In opposition to the motion, the plaintiff failed to proffer competent evidence of the existence of a defect in the drill press sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Kahn v Dominques,* 288 AD2d 349 [2001]; *cf. Speller v Sears Roebuck & Co.,* 100 NY2d 38 [2003]). The opinion of the plaintiff's expert, a licensed professional engineer whose resume was not submitted, was not supported by foundational facts such as actual testing of the drill press, statistics showing frequency of injury resulting from the machine's design, or consumer complaints (*see Martinez v Roberts Consolidated Indus.,* 299 AD2d 399 [2002]; *Passante v Agway Consumer Prods.,* 294 AD2d 831 [2002]; *Cervone v Tuzzolo,* 291 AD2d 426 [2002]; *Geddes v Crown Equip. Corp.,* 273 AD2d 904 [2000]; *Merritt v Raven Co.,* 271 AD2d 859, 862 [2000]).

The plaintiff's remaining contention is without merit. Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.