■ FREDDY CANALES, Respondent, v HUSTLER MANUFACTURING Co. et al., Defendants, and HUSTLER CONVEYOR COMPANY et al., Appellants. (And a Third-Party Action.) [786 NYS2d 539]—

In an action to recover damages for personal injuries and wrongful death based upon, inter alia, strict products liability, the defendants Hustler Conveyor Company, Triple S Dynamics, Inc., and RRT Design & Construction Corp. separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 15, 2003, as denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff's decedent was found dead on the floor of the recycling plant where he was employed. No one witnessed the incident that resulted in his death, but it appeared that he may have fallen while clearing garbage from a structure. The structure consisted of steel beams which supported a trommel, a large rotary drum in which garbage was separated, and a conveyor which carried the garbage to the trommel. The plaintiff commenced this action to recover damages for personal injuries and wrongful death against, among others, the appellant contractor responsible for the design and installation of the entire structure and the appellant manufacturers of the conveyor and the trommel.

Contrary to the plaintiff's contention, the appellants were entitled to summary judgment dismissing the complaint insofar as asserted against them. In opposition to the appellants' prima

facie showing that the garbage-sorting structure was not defectively designed, manufactured, or installed, the plaintiff submitted the affidavit of an expert, a mechanical engineer. The plaintiff's expert never inspected the equipment about which he was rendering an opinion. His conclusory and speculative affidavit simply declared that the garbage-sorting structure "should have" included certain components, without setting forth any industry standards, the results of testing of the equipment conducted by him or anyone else, or any other foundational facts. The expert's opinion was therefore entitled to "no probative force whatsoever" (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 534 n 2 [1991] [internal quotation marks omitted]; *see Castro v Delta Intl. Mach. Corp.*, 309 AD2d 827 [2003]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399 [2002]; *Aghabi v Sebro*, 256 AD2d 287 [1998]; *Fallon v Hannay & Son*, 153 AD2d 95, 101 [1989]). Thus, the plaintiff failed to raise a triable issue of fact, and the complaint should have been dismissed insofar as asserted against the appellants. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.