■ ERIC FIGUEROA et al., Respondents, v HUGH GALLAGER III et al., Defendants, and GENERAL MOTORS CORPORATION, Appellant. [798 NYS2d 143]—

In an action to recover damages for personal injuries, the defendant General Motors Corporation appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated July 30, 2004, which denied its motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, and the action against the remaining defendants is severed.

The complaint insofar as asserted against the defendant General Motors Corporation (hereinafter General Motors) alleged that the injuries to the plaintiff Antoinette Lanzelloto's left shoulder and the lower extremities of the plaintiff Eric Figueroa were enhanced due to the failure of the front and side air bags in Figueroa's 2002 Chevrolet Trailblazer to deploy upon impact. The complaint further alleged that such failure was a direct result of a design defect in the air bags. General Motors moved for summary judgment on multiple grounds, including, inter alia, that the air bags functioned properly, and that the injuries in question were not enhanced by the nondeployment of the air bags.

In support of its motion, General Motors submitted the affidavit of its employee Hamed Sadrnia, a mechanical and automotive engineer with expertise in the field of air bag design and safety. Sadrnia stated, in pertinent part, that notwithstanding that the expeditious repair of the vehicle impaired his ability to make a thorough evaluation of the various impact points on the vehicle, he was able to retrieve intact an "SDM Module" which, in layman's parlance, appears to be a computer monitoring device controlling the deployment of the air bags. Based on his expert analysis of the data retrieved, Sadrnia concluded that the impact to both the front and side areas of the vehicle was not sufficient to cause the air bags to deploy. He stated that the design of the air bags was fully compliant with all controlling government regulations and that the air bags were designed not to deploy in low-impact accidents because of the danger that injuries could be caused by such deployment. In this regard, Sadrnia noted that air bag deployment was designed to mitigate life-threatening and serious injuries to the chest and head area of the body, and that the air bags were not designed to mitigate injuries to the lower extremities of the body. Nor would air bag deployment have mitigated the plaintiff Antoinette Lanzelloto's shoulder injury, which her deposition testimony indicated was caused by violent contact with Figueroa's body. Sadrnia conceded that the air bag system was subject to a recall but stated that the recall was based on reducing the risks of injury upon deployment and had nothing to do with any potential restriction of air bag deployment. Based on all the foregoing, Sadrnia concluded that General Motors was not responsible for the enhancement of either of the plaintiffs' injuries. We conclude that, based upon the proof adduced by it, General Motors met its initial burden of demonstrating its entitlement to judgment as a matter of law (see Cleary v Reliance Fuel Oil Assoc., Inc., 17 AD3d 503 [2005]; Castro v Delta Intl. Mach. Corp., 309 AD2d 827 [2003]; Canales v Hustler Mfg. Co., 12 AD3d 392 [2004]).

In opposition, the plaintiffs submitted the affidavit of Byron Bloch, a purported automobile safety expert. Bloch asserted that, in addition to the air bag failure, the seat belt restraint system did not work properly. He also claimed that the design of the arm rest contributed to the injuries in question.

In reply, General Motors asserted that the plaintiffs' proof was totally inadequate to defeat that branch of its motion which was for summary judgment, challenging Bloch's expertise by noting that he was not an automotive engineer with any recognized expertise in the design of air bags. General Motors asserted that Bloch did not refer to any recognized measurements, tests, or other expert analysis or studies which would support the conclusion propounded. To the extent that Bloch attempted to support the plaintiffs' enhancement of injuries theory, General Motors asserted that the plaintiffs raised new theories of liability, that the seat belt system and arm rest design were defective, for the first time in response to the motion for summary judgment, and that those contentions should be rejected on that basis alone. Nonetheless, General Motors claimed that such proof still failed to adequately demonstrate that the alleged enhancement of the plaintiffs' injuries was caused by the newly asserted design defects in question.

The court's role in the context of a motion for summary judgment is to determine if a triable issue of fact exists (see *Grossman v Amalgamated Hous. Corp.*, 298 AD2d 224, 226 [2002], citing *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). Once the proponent has met its initial burden of establishing its entitlement to judgment as a matter of law, the party opposing summary judgment must demonstrate that a triable issue of fact exists (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Silverman v Perlbinder*, 307 AD2d 230 [2003]; *DaljunYu v Song Su Pae*, 201 AD2d 697 [1994]). Mere conjecture or surmise will not suffice (see *Youthkins v Cascio*, 298 AD2d 386 [2002], *affd* 99 NY2d 638 [2003]). Moreover, the motion cannot be defeated by the assertion of new theories of liability not previously pleaded (see *Harrington v City of New York*, 6 AD3d 662 [2004]; *Slacin v Aquafredda*, 2 AD3d 624, 625 [2003]; *Araujo v Brooklyn Martial Arts Academy*, 304 AD2d 779, 780 [2003]; *Winters v St. Vincent's Med. Ctr. of Richmond*, 273 AD2d 465 [2000]). Giving the plaintiff every favorable inference (see *Tambaro v City of New York*, 140 AD2d 331, 332 [1988]), the proof submitted in opposition to General Motors' motion for summary judgment was inadequate to raise a triable issue of fact with respect to any design defect. In any event, even if there was a design defect, it would not have been the proximate cause of any enhanced injuries sustained by the plaintiffs.

The parties' remaining contentions have been rendered academic in light of our determination. Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.