■ SHERELL BUTLER-FRANCIS et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant and Third-Party Plaintiff-Respondent. STIVAN PLUMBING & HEATING, Third-Party Defendant-Appellant. (And Another Action.) [834 NYS2d 15]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 10, 2006, which denied the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint and all cross claims and counterclaims against it, unanimously reversed, on the law, without costs, the motion granted and the complaint and all cross and counterclaims dismissed. Order, same court and Justice, entered January 10, 2006, insofar as it denied third-party defendant Stivan's motion for summary judgment to dismiss the third-party complaint, unanimously reversed, on the law, without costs, the motion granted and the third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.

This matter arose as the result of damages suffered by plaintiffs due to a fire in their apartment at the Edenwald Houses, a development operated by NYCHA. Third-party defendant Stivan was a contractor engaged by NYCHA in 1994 to replace gas risers, the piping that distributes gas within a building to the various floors at Edenwald, including the building in which plaintiffs resided.

In support of summary judgment, NYCHA offered the testimony of the fire marshal assigned to investigate the cause and origin of the fire. His investigation, conducted immediately after the fire was extinguished, was comprised of, inter alia, a discussion with the firefighters and a physical examination of the premises, including the kitchen stove and an assessment of

the fire's burn pattern. Citing cogent evidence in support, the marshal concluded that the fire started when the electrical cord of plaintiffs' clothes dryer, which was damaged by pinching between the dryer and the kitchen range and was covered with a pile of clothes, shorted and ignited the clothes. He also concluded that there was no evidence that the fire started in the stove or as the result of a gas leak; a fire caused by the dissipation of leaking gas would have ignited simultaneously throughout the apartment instead of the localized ignition that he found. NYCHA also offered evidence demonstrating that mandated procedures were followed for the installation, testing and safety certification of the gas risers and the gas connections to plaintiffs' apartment. Finally, NYCHA produced all of the work orders for plaintiffs' apartment and for gas leaks in plaintiffs' building for the relevant period; none reflected any gas leak problem for their apartment or stove, despite the latter having undergone several other types of repairs.

In opposition, plaintiffs and their experts speculated that the fire was the probable result of a gas leak in the allegedly defective kitchen range, based upon plaintiffs' alleged observation of flames coming from the oven when they discovered the fire and upon alleged problems with the range, including the smell of gas, which were reported to NYCHA in the months just prior to the fire. However, plaintiffs failed to rebut NYCHA's entitlement to summary judgment by raising a triable issue of material fact as to its negligence. Plaintiffs' experts' affidavits were "devoid of evidentiary facts and consist[ed] of mere conclusions, speculation and unsupported allegations" (*Castro v New York Univ.*, 5 AD3d 135, 136 [2004]). Specifically, Grunes, a licensed engineer, concluded that the evidence indicated a preexisting gas leak, but never cited any record evidence supporting that conclusion, offering mere speculation as to the source of the gas and how it may have been ignited. Furthermore, Grunes failed to explain the impact upon the fire marshal's conclusions of his allegation that the marshal misidentified the electrical cord in evidence as the alleged pinched dryer cord. Similarly, West, a fire investigations consultant, failed to cite evidentiary support for his conclusions and/or speculations that the fire marshal's observations were "suspect," that uncorrected problems in the kitchen stove might have led to the escape of gas, that the fire did not ignite in the clothes atop the dryer but rather in gas vapors allegedly accumulated above the dryer (and as to why and how such an accumulation would occur), and that the fire marshal inadvertently commingled evidence from another fire scene with the one at issue, and as to how the allegedly misidentified dryer cord affected the fire marshal's conclusions as to the cause of the fire.

Stivan's motion for summary judgment should also have been granted. The record establishes that the required procedures were followed for installing and testing new gas risers at the Edenwald Houses and obtaining approval from the Department of Buildings for each riser installed in plaintiffs' building. In view of this determination, along with our grant of summary judgment to NYCHA in the main action, NYCHA's cross motion for conditional contractual and/or common-law indemnification is academic. Concur—Saxe, J.P., Williams, Sweeny and Malone, JJ.