■ JEAN C. SPEIRS, Appellant, v DEXTER SHOE Co. et al., Respondents, et al., Defendants. [840 NYS2d 610]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated April 19, 2006, as, in effect, granted those branches of the separate motions of the defendants Dexter Shoe Co. and Herrill Bowling Corp., doing business as Herrill Lanes, which were for summary judgment dismissing the cause of action sounding in strict products liability insofar as asserted against them and, upon searching the record, awarded summary judgment dismissing that cause of action insofar as asserted against the defendant Pat's Professional Shop.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On the afternoon of August 7, 2003 the plaintiff, who had 40 years of experience bowling recreationally, slipped and fell while bowling at a facility owned by the defendant, Herrill Bowling Corp., doing business as Herrill Lanes (hereinafter Herrill Lanes). At that time, the plaintiff was wearing bowling shoes which she had purchased on October 4, 2001 at the defendant Pat's Professional Shop (hereinafter Pat's), a bowling supplies store, which was located on the premises of Herrill Lanes. The shoes had been manufactured by the defendant Dexter Shoe Co. (hereinafter Dexter). Following the occurrence, the plaintiff noticed that part of the sole of the shoe was bent back. At her deposition, she acknowledged that she had worn the subject bowling shoes on approximately 64 occasions prior to the occurrence.

Dexter, Herrill Lanes, and Pat's were entitled to summary judgment dismissing the cause of action sounding in strict products liability. The evidence submitted by Dexter made out a prima facie case demonstrating that, as a matter of law, the bowling shoe was not defective. In response, the plaintiff failed to raise a triable issue of fact (*see Castro v Delta Intl. Mach. Corp.*, 309 AD2d 827, 828 [2003]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.