■ MILCA ESDAILLE, Individually and as Mother and Natural Guardian of ALANNA VAUGHNS, an Infant, Plaintiff, v WHITEHALL REALTY COMPANY et al., Respondents. MILCA ESDAILLE, Individu-

ally and as Mother and Natural Guardian of ALANNA VAUGHNS, an Infant, Respondent, v WHITEHALL TENANTS CORP. et al., Appellants. [854 NYS2d 385]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered January 18, 2007, which, insofar as appealed from, in an action for personal injuries resulting from an apartment fire, denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Appellants, the owner and managing agent of the subject building, failed to meet their initial burden of establishing a prima facie entitlement to summary judgment. Appellants failed to address two of the grounds for liability put forth by plaintiffs, i.e., that the smoke detector in the apartment was not maintained in proper working order and that the window guards had been negligently installed, and although appellants attempted to cure these deficiencies in a reply affirmation, the motion court properly declined to consider it (*see Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626 [1995]). Regarding plaintiffs' remaining theory of liability, that the wiring in the apartment was negligently maintained, appellants failed to establish entitlement to judgment as a matter of law through the introduction of competent evidence in admissible form (*see Denicker v Rohan*, 236 AD2d 359 [1997]; *compare Butler-Francis v New York City Hous. Auth.*, 38 AD3d 433 [2007]).

We have considered appellants' remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.