In an action to recover damages for personal injuries and wrongful death, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 18, 2008, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
On April 30, 2003 the plaintiffs decedent was killed in an apartment fire. Thereafter, the decedent’s mother Brenda Andrews, as administrator of the decedent’s estate, on behalf of her other two minor sons Nathan Andrews, Jr., and Jonathan Andrews, and individually, along with the decedent’s father Nathan Andrews, individually (hereinafter collectively the plaintiffs), commenced this action against the New York City Housing Authority, which managed the apartment building where the fire occurred. The plaintiffs alleged that the fire was caused by the defendant’s negligence in maintaining the apartment. The defendant moved for summary judgment dismissing the complaint and the Supreme Court denied its motion, finding that the plaintiffs raised a triable issue of fact as to the cause of the fire. The defendant appeals, and we reverse.
The defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting, inter alia, a fire and incident report, and the deposition testimony of the investigating fire marshal (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 *620 [1980]; Butler-Francis v New York City Hous. Auth., 38 AD3d 433 [2007]; Delgado v New York City Hous. Auth., 51 AD3d 570 [2008]; Mittendorf v Brooklyn Union Gas Co., 195 AD2d 449 [1993]). The fire marshal determined that the cause of the fire was an electrical cord that ignited combustible material. The fire marshal also determined that the nearby outlet and receptacles were not the cause of the fire.
In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562). The plaintiffs’ fire investigative expert asserted that the fire originated from an electrical fault within the outlet, but he provided no factual support for such conclusion. The plaintiffs’ expert also criticized the fire marshal’s testimony, but did not indicate how any alleged “shortcomings” affected the fire marshal’s determination as to the cause of the fire. Mere conclusions, speculation, and unsupported allegations are insufficient to defeat a motion for summary judgment (see Delgado v New York City Hous. Auth., 51 AD3d 570 [2008]; Butler-Francis v New York City Hous. Auth., 38 AD3d 433 [2007]; Castro v Delta Intl. Mach. Corp., 309 AD2d 827 [2003]; Levitt v County of Suffolk, 145 AD2d 414 [1988]; cf. Speller v Sears, Roebuck & Co., 100 NY2d 38, 44 [2003]). Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
The plaintiffs’ remaining contention is without merit. Miller, J.P., Leventhal, Chambers and Austin, JJ., concur.