OPINION OF THE COURT
Terence P. Murphy, J.
The plaintiff, Velen Medical Supply, Inc., as assignee of Theresa Meade, moves the court pursuant to CPLR 3212 for an order granting summary judgment. The defendant, Greyhound Lines, Inc., opposes the motion and cross-moves pursuant to CPLR 2221 seeking to reargue the previous decision of the court dated March 23, 2009.*
The motions are decided as follows:
The plaintiff’s motion seeking summary judgment is denied. This is the plaintiffs second application for summary relief. The first motion was denied by the Honorable Bonnie Chaikin in her decision and order dated March 23, 2009. Judge Chaikin’s decision is law of the case. Inasmuch as Judge Chaikin has left the bench, the undersigned has been assigned this case. (CPLR 2221 [a].)
Successive motions for summary judgment are discouraged in the absence of a showing of newly discovered evidence or other sufficient cause (Ralston Purina Co. v McKee & Co., 174 AD2d 1060 [4th Dept 1991]). Plaintiff has not moved to reargue Judge Chaikin’s decision but merely offers a second motion for the relief previously denied. Moreover, the plaintiff has not set forth sufficient cause or presented any newly discovered evidence which would warrant entertaining the motion as one for renewal. Even if the court was inclined to hear the plaintiffs instant motion, said motion would nonetheless be denied on *237 procedural grounds as the plaintiff failed to include a complete set of the pleadings in support of its motion (see generally CPLR 3212 [b]; Zellner v Tarnell, 54 AD3d 329 [2d Dept 2008]). Further, in view of the court’s determination of the defendant’s present cross motion, the plaintiffs motion is rendered moot. Accordingly, the plaintiffs instant motion is denied.
Turning to the cross motion, defendant seeks leave to reargue Judge Chaikin’s denial of its prior cross motion for summary judgment, and upon reargument, Tor an order granting summary relief dismissing plaintiffs complaint.
Pursuant to CPLR 2221 (d), a motion to reargue shall “be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion.”
A motion for reargument is addressed to the discretion of the court and is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided (see Pro Brokerage v Home Ins. Co., 99 AD2d 971 [1st Dept 1984], citing Foley v Roche, 68 AD2d 558 [1st Dept 1979]; see also De Blasio v Volkswagen of Am., 124 Misc 2d 726 [Sup Ct, Nassau County 1984]; Flynn v Town of N. Hempstead, 114 Misc 2d 125 [Sup Ct, Nassau County 1982], affd 97 AD2d 430 [1983]).
In its cross motion, defendant avers the court overlooked a controlling principle of law when it denied the defendant’s previous cross motion. For the reasons that follow, leave to reargue is granted and upon reargument, the undersigned vacates the previous decision denying the defendant’s cross motion and in its place and stead grants the cross motion dismissing the plaintiffs complaint.
Velen instituted this action, seeking to recover assigned first-party no-fault benefits. The plaintiff claims its assignor, Meade, was a passenger on a commercial bus owned by the defendant, Greyhound, when the bus was involved in a motor vehicle accident in the State of New Jersey on June 25, 2005. Velen submitted no-fault claims to Greyhound in the sum of $1,576 for medical supplies, which have not been paid and are now overdue. Greyhound denied the claims stating that New York no-fault benefits were not available to the assignor as the accident occurred in New Jersey and moved for summary judgment.
*238 On a motion for summary judgment, the court must determine if a triable issue of fact exists (Figueroa v Gallager, 20 AD3d 385 [2d Dept 2005]). A motion for summary judgment “ ‘should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility’ ” (Baker v D.J. Stapleton, Inc., 43 AD3d 839 [2d Dept 2007], quoting Scott v Long Is. Power Auth., 294 AD2d 348 [2d Dept 2002]). A provider generally establishes its prima facie entitlement to summary judgment by proof of the submission of a statutory claim form, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2d Dept 2004]).
The essential question before the court is one of law. Particularly, whether, under the laws of New York, Greyhound, a privately owned commercial bus company, owes no-fault benefits to a New York resident and passenger on a commercial bus line, when the accident occurred outside New York State. The court answers the question in the negative.
For purposes of its motion, Greyhound does not contest that the named assignor Theresa Meade was a passenger on a Greyhound bus that originated in New York and that was involved in an accident in New Jersey. Greyhound submits that it is irrelevant that the passenger boarded the bus in New York. Rather, Greyhound argues that the mere fact that the accident occurred outside New York establishes that Greyhound owes no duty to Meade and Velen as assignee of Meade for no-fault benefits.
In support of its cross motion, Greyhound references decisions of two civil courts from neighboring jurisdictions (Queens, Bronx) finding no requirement for Greyhound to provide New York no-fault benefits to passengers on their buses where the accident occurred outside New York. Greyhound additionally provides the court with a letter from Mark Presser, Assistant Deputy Superintendent, New York Insurance Department dated October 13, 2006 wherein Mr. Presser opines that a bus passenger who sustains a personal injury during the operation of such bus outside of New York cannot claim first-party benefits from the owner of the bus. Upon such evidence, the court finds that Greyhound has met its initial prima facie burden. Thus, the burden shifts to Velen.
In opposition, Velen claims that the defendant does, in fact, owe no-fault benefits because the bus trip originated in New *239 York. In support of its motion, Velen cites Vehicle and Traffic Law § 370 and Insurance Law § 5103 (a) (3) as authority for its position that (1) when a trip originates in New York, the defendant is required to provide no-fault benefits notwithstanding the location of the accident and (2) no-fault coverage extends to any New York resident including those who have no insurance on their own and are injured out of state. The court finds Velen’s “authority” irrelevant and unpersuasive on the issue before the court.
Firstly, Vehicle and Traffic Law § 370 provides for the requirement of indemnity bonds or insurance policies of “[e]very person, ... or corporation engaged in the business of carrying or transporting passengers . . . , which shall be operated over, upon or along any public street or highway of the state of New York” (emphasis added). This statutory section makes no reference whatsoever to the circumstances present in the instant case.
Secondly, Insurance Law § 5103, the language of which is mirrored in Insurance Department Regulation 68-C (11 NYCRR 65-3.12 [“Sources of mandatory personal injury protection benefits”]), delineates those persons who shall be covered and under what circumstances those persons shall be covered and who shall be responsible for payment of first-party benefits. The list in each section offers specific regulations as to who and when no-fault coverage applies. Persons and circumstances not listed are simply not covered under New York State no-fault insurance protections.
To the extent that Velen’s argument can be construed to assert that where a bus passenger’s trip originates in New York, thus making that individual a “covered person” (Insurance Department Regulations [11 NYCRR] § 65-3.12 [a] [9]) at least while in New York, the no-fault coverage provided under New York law should not terminate at the border but remain attached to the passenger throughout the trip, such argument cannot be sustained.
In Ohio Cas. Ins. Co. v Continental Ins. Co. (101 Misc 2d 452 [Sup Ct, Erie County 1979]), the court addressed the issue of coverage for a nonresident who sustained personal injury as bus passenger while traveling in New York. The court found that the primary insurer of no-fault benefits was the insurer of the vehicle in which the injured party was traveling. The court’s rationale was that “the insurance coverage in this statute is designed to follow the vehicle rather than the injured party” (id. at 455).
*240 The Ohio court’s rationale is equally applicable to the instant matter. It has been written that “[t]he legislative objective [of no fault insurance] was to provide a system for prompt and adequate compensation of all minor injuries to ‘covered persons’ ” (Montgomery v Daniels, 81 Misc 2d 373, 377 [Sup Ct, Kings County 1975] [emphasis added], revd 38 NY2d 41 [1975] [finding the statute to be constitutional]). The Court of Appeals did agree with the Montgomery court that the statute “is a two-pronged . . . system of reparation for personal injuries suffered in automobile accidents” (38 NY2d at 46). The Court of Appeals further stated that “[t]he first prong . . . require[s] that every owner . . . provide . . . compensation for ‘basic economic loss’ resulting from injuries occasioned by the . . . operation of that vehicle in this State, regardless of fault” (id. [emphasis added]).
The court takes note of the opinion of Mark Presser, Assistant Deputy Superintendent, Insurance Department, in a letter to defense counsel dated October 13, 2006, when he states, “if the accident occurs outside the State of New York and the claimant does not possess a household automobile policy, there is no requirement that the injured person be afforded New York No-Fault benefits” (exhibit J of defendant’s original cross motion, annexed as exhibit B of the instant cross motion [emphasis added]).
It is clear to this court that the no-fault protections afforded under Insurance Law article 51 are of a limited nature to a limited class of individuals who fall into specific defined categories the Legislature has determined merit such protections. It is not for this court to make such determinations nor can this court find a person not eligible for such benefits to be eligible.
“Whether the enactment is wise or unwise, . . . whether it is the best means to achieve the desired result, whether, in short, the legislative discretion within its prescribed limits should be exercised in a particular manner, are matters for the judgment of the legislature . . . [not] within the range of judicial cognizance.” (Montgomery, 38 NY2d at 53.)
Meade is not a covered person under the facts and circumstances set forth for the court to consider. The accident took place outside New York and Meade had no New York household automobile policy. Therefore, she falls outside the intended class of persons for whom no-fault insurance protections are provided by statute.
*241 Accordingly, the plaintiffs second motion for summary judgment is denied as moot inasmuch as the defendant’s cross motion for summary judgment is granted. The plaintiffs complaint is dismissed.

 A review of the court file reveals a notice of entry has not been filed in relation to the previous court order. Accordingly, the defendant’s cross motion is timely.