Cambridge Mut. Fire Ins. Co. v P.O.B. Elec., Inc. (2018 NY Slip Op 05746)





Cambridge Mut. Fire Ins. Co. v P.O.B. Elec., Inc.


2018 NY Slip Op 05746


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-07650
 (Index No. 604313/15)

[*1]Cambridge Mutual Fire Insurance Company, etc., respondent, 
v
P.O.B. Electric, Inc., appellant.


Bello & Larkin, Hauppauge, NY (Robert X. Larkin of counsel), for appellant.
Faust Goetz Schenker & Blee, LLP, New York, NY (Jeffrey M. Rubinstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 14, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On or around November 5, 2012, the defendant performed electrical work at the home of Judith Zaino. On January 9, 2013, there was a fire at Zaino's residence, causing damages. Thereafter, Zaino made a claim with her insurer, the plaintiff. The plaintiff, as Zaino's subrogee, commenced this action against the defendant alleging, inter alia, that the defendant negligently performed the electrical work on Zaino's premises, resulting in the subject fire. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted the motion. The defendant appeals.
On its motion for summary judgment, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavits and reports of its fire and electrical investigators. The investigators opined, inter alia, that the fire was a result of insulation failure on the section of service entrance cable between the electric meter and the circuit breaker panel, and that the defendant failed to properly test this section of cable to ensure its integrity and failed to replace it, resulting in the fire (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562; Andrews v New York City Hous. Auth., 66 AD3d 619, 619-620; Butler-Francis v New York City Hous. Auth., 38 AD3d 433, 434).
In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562). While the defendant submitted the affidavit of the defendant's president and the transcript of the deposition of an eyewitness to the fire, nothing in the defendant's opposition raised a triable issue of fact as to whether the fire started as a result of the defendant's negligence (see Butler-Francis v New York City Hous. Auth., 38 AD3d at 434). Among other things, in his affidavit, the defendant's president did not dispute the defendant's alleged failure to test the subject section of the cable in the manner which the plaintiff's expert described as necessary. Moreover, while the defendant's eyewitness saw and described the fire, the eyewitness was not in [*2]a position to have seen the interior of the wall cavity, which was the location where the plaintiff's expert opined the fire started (see id.).
The defendant's remaining contention that the plaintiff's motion for summary judgment was premature is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court