■ RENALL T. BECKER, Respondent, v CARMELITA J. MIX, Appellant. [718 NYS2d 498] —Lahtinen, J. Appeal from an order

and judgment of the Supreme Court (Relihan, Jr., J.), entered April 26, 2000 in Tompkins County, which, *inter alia*, granted plaintiff's motion for summary judgment.

In April 1994, plaintiff purchased a specially designed diamond ring together with matching wedding bands and gave the diamond ring to defendant during a dinner date. At the time plaintiff gave the ring to defendant she admits the parties became engaged to each other and "[t]here was contemplation of marriage." During the ensuing three years the ring was passed back and forth between the parties because of disagreements and soon thereafter the parties' relationship ended. When defendant refused plaintiff's request to return the ring, plaintiff commenced this action seeking its return or its fair market value. Defendant answered claiming, *inter alia*, that ownership of the ring had been settled by settlement agreements on December 6, 1996 and April 7, 1997. Plaintiff thereafter moved for summary judgment and defendant cross-moved for summary judgment. Finding that the ring was given in contemplation of marriage, Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant now appeals and we affirm.

Plaintiff's proof submitted in support of his motion demonstrated that he gave the engagement ring to defendant in contemplation of their marriage and was entitled to its return or its value upon the termination of their engagement (*see*, Civil Rights Law § 80-b; *Gaden v Gaden*, 29 NY2d 80; *Leshowitz v Conklin*, 245 AD2d 343). Defendant's conclusory assertion that she accepted the diamond ring out of friendship and never intended to marry plaintiff is patently insufficient to overcome plaintiff's proof.

Nor does the record reflect any proof of the December 6, 1996 or April 7, 1997 settlement agreements which were pleaded as affirmative defenses to plaintiff's action.

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, with costs.