■ C. WILLIAM SEXSTONE, Respondent, v ANGELA B. AMATO, Appellant. [778 NYS2d 635]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered September 29, 2003, in an action pursuant to Civil Rights Law § 80-b. The order granted plaintiff's motion for summary judgment and denied defendant's cross motions for summary judgment dismissing the complaint and for leave to serve an amended answer.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to defendant's contention, Supreme Court did not err in granting plaintiff's motion for summary judgment on the complaint seeking the return of a $17,000 ring pursuant to Civil Rights Law § 80-b. Although "successive summary judgment motions 'should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause' " (*Town of Wilson v Town of Newfane,* 192 AD2d 1095, 1095 [1993], quoting *Marine Midland Bank v Fisher,* 85 AD2d 905, 906 [1981]; *see Farrell v Okeic,* 303 AD2d 957 [2003]), defendant failed to raise that objection before the court (*see*

*Graney Dev. Corp. v Taksen*, 62 AD2d 1148, 1149 [1978]). In any event, "[a]s an appellate court, we are not precluded from addressing the merits of the motion" (*McIvor v Di Benedetto*, 121 AD2d 519, 522 [1986]; *see Wenger v Goodell*, 288 AD2d 815, 816 [2001], *lv denied* 98 NY2d 605 [2002]). We also conclude that the court did not abuse its discretion in entertaining plaintiff's motion even though it was filed more than 120 days after the filing of the note of issue (*see Vitez v Shelton*, 6 AD3d 1180 [2004]; *see also Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129 [2000]; *Welch Foods v Wilson*, 277 AD2d 882, 883 [2000]).

"Plaintiff's proof submitted in support of his motion demonstrated that he gave the engagement ring to defendant in contemplation of their marriage and was entitled to its return or its value upon the termination of their engagement" (*Becker v Mix*, 279 AD2d 773, 774 [2001]; *see* Civil Rights Law § 80-b; *Gaden v Gaden*, 29 NY2d 80 [1971]; *Leshowitz v Conklin*, 245 AD2d 343 [1997]). The conclusory assertions of defendant that she accepted the ring for her birthday and never intended to marry plaintiff are "patently insufficient to overcome plaintiff's proof" (*Becker*, 279 AD2d at 774). Furthermore, the testimony of defendant at her deposition that the ring was not "in [her] presence at the present time" and was "not in [her] possession at the present time" was also insufficient to defeat plaintiff's motion for summary judgment (*see Leshowitz*, 245 AD2d at 344), particularly in view of her further testimony that she could not and would not discuss the matter with plaintiff's attorney. When pressed to answer the question of plaintiff's attorney concerning the location of the ring, defendant testified that she returned the ring to plaintiff on the day that he gave it to her. That testimony, made months after commencement of the action, is patently false and incredible as a matter of law. While we agree with the general premise that credibility is an issue that should be left to a fact finder at trial, "there are of course instances where credibility is properly determined as a matter of law" (*Rickert v Travelers Ins. Co.*, 159 AD2d 758, 759 [1990], *lv denied* 76 NY2d 701 [1990]; *see Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 929 [1993]). This Court is not "required to shut its eyes to the patent falsity of a defense" (*MRI Broadway Rental v United States Min. Prods. Co.*, 242 AD2d 440, 443 [1997], *affd* 92 NY2d 421 [1998]; *see also Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.