Ganess v Ramswamy (2025 NY Slip Op 03178)

Ganess v Ramswamy

2025 NY Slip Op 03178

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-01388
 (Index No. 709962/21)

[*1]Pooran Ganess, appellant, 
v
Chandra Ramswamy, respondent.

Turturro Law, P.C., Staten Island, NY (Natraj S. Bhushan of counsel), for appellant.
Law Office of Michael Katz, P.C., Fresh Meadows, NY (Joseph M. Claro of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to Civil Rights Law § 80-b to recover real property given in contemplation of marriage, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 16, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint and on her counterclaims and, among other things, declared that the defendant owned 50% of the subject property.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint and on her counterclaims is denied.
In September 2015, the plaintiff conveyed a 50% interest in real property located in Queens (hereinafter the property) to the defendant after the parties became engaged to be married in April 2015. The parties lived together for several years until separating in August 2019. The defendant claims that, during the period that the parties lived together, she contributed to the upkeep of the property.
Thereafter, the plaintiff commenced this action, inter alia, pursuant to Civil Rights Law § 80-b to recover the property on the ground that "the sole consideration for the transfer of the . . . real property was a contemplated marriage which has not occurred." The plaintiff alleged that the marriage did not occur because the defendant's behavior changed after she had brain surgery (see Gaden v Gaden, 29 NY2d 80, 85). The defendant answered the complaint and asserted counterclaims, among other things, for a judgment declaring that she held a 50% interest in the property based upon a recorded deed granting her a 50% interest therein.
Prior to the completion of discovery, the defendant moved for summary judgment dismissing the complaint and on her counterclaims. By order entered November 16, 2023, the Supreme Court granted the motion and, inter alia, declared that the defendant owned 50% of the property. The plaintiff appeals.
"As a general matter, a party not under any impediment to marry may maintain an action to recover property . . . given in contemplation of marriage where the contemplated marriage does not come to pass" (Rambod v Tazeh, 184 AD3d 722, 723; see Civil Rights Law § 80-b; see also [*2]Gaden v Gaden, 29 NY2d 80, 85). Here, the Supreme Court found that "in April 2015, the plaintiff and the defendant were married in a Hindu religious ceremony. Plaintiff does not dispute this." Therefore, the court determined that Civil Rights Law § 80-b did not apply. However, the defendant acknowledged that the ceremony in April 2015 was an "engagement and religious ceremony," but that "[a] legal wedding did not occur," and the plaintiff concurred that no legal marriage occurred.
The issue in this case is whether the transfer of the property was in contemplation of a marriage, which did not occur, and which was the sole consideration for the transfer. During the period that the parties lived together in the property, the defendant allegedly contributed to the upkeep of the property.
Under the circumstances, the record presents triable issues of fact as to whether the transfer of the property was in fact in contemplation of a marriage, which did not occur, and which constituted the sole consideration for the transfer, or there was a cohabiting arrangement based upon additional or other consideration. Accordingly, the defendant's motion for summary judgment dismissing the complaint and on her counterclaims should have been denied.
The parties' remaining contentions need not be addressed in light of our determination.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court